NOAH WORRALL, Respondent, v. DAVID MUNN, Appellant.

Where a vendor of real estate, who, under an executory contract of sale, has received payment of the purchase-money, retains possession of the land and refuses to deliver it, according to his contract, he cannot reap the benefit of the contract while thus retaining possession; and in case the rental value of the land is less than the interest on the purchase-money, the vendee is entitled to such interest as damages for being kept out of possession. (GROVER, J., dissenting.)

Where waste has been committed by a vendor of land pending a contract of purchase, by cutting down and carrying away timber, or by removing other valuable materials belonging to the freehold, the diminution in the value of the land is not the exclusive measure of damages. In equity everything forming part of the inheritance belongs to the vendee from the date of the contract, and the rights and liabilities of the parties will be adjusted upon that assumption, and the vendee is entitled to recover the value of the materials so removed. (GROVER, J., dissenting.)

(Argued June 6, 1873; decided September 23, 1873.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, affirming a judgment in favor of plaintiff, entered upon the report of a referee.

This action was brought to compel the specific performance of an agreement between plaintiff and David M. Pratt for the sale of certain premises situate in Rockland county by the latter to the former. Defendant with knowledge of the contract purchased the premises and received a conveyance thereof from Pratt. The case has been twice before in this court. The decision upon the first appeal is reported in 5 N. Y., 229, upon the second in 38 N. Y., 138.

The facts, pertinent to the questions considered upon this appeal, appear sufficiently in the opinion.

*C. Frost* for the appellant. The point as to whether interest on the purchase-money should be allowed was not argued on the former trial, and the opinion in this case, in 38 N. Y., 137, is not binding on that point. (*James* v. *Patton,* 2 Seld., 18; *Drummond* v. *Preston,* 12 Wheat., 519.) It

cannot be objected that a motion for a reargument should have been made. (*Mount* v. *Mitchell*, 32 N. Y., 702.) This suit having been commenced in the late Court of Chancery, this court will review the same upon the evidence and the law. (*McIntyre* v. *Warren*, 3 Keyes, 185.) The allowance by the referee of interest on the purchase-money was erroneous. (*Burton* v. *Todd*, 1 Swanst., 255.) The rule of *stare decisis* should not be adhered to in this case. (*Leavitt* v. *Blatchford*, 17 N. Y., 543; *Kane* v. *Whittick*, 8 Wend., 233; *Le Guen* v. *Gouverneur & Kemble*, 1 J. Cas., 498; *Freeman* v. *Auld*, 44 Barb., 14.)

*Amasa J. Parker* for the respondent. The law of this case has been finally settled by the judgment of this court and cannot be disturbed. (*N. Y. and N. H. R. R. Co.* v. *Ketchum*, 3 Keyes, 363.)

ANDREWS, J. The judgment rendered by this court in this case, in March, 1868 (38 N. Y., 138), reversing the judgment of the Supreme Court and remitting the cause to that court for the reassessment of the plaintiff's damages, declared with great distinctness the basis upon which the court should proceed in making the assessment. The court was directed to allow the interest on the purchase-money paid by the plaintiff from the time of the payment to the time he was let into possession of the premises in 1859, together with simple interest on each annual payment of interest from the termination of the year in which it was paid to the time of the assessment, as the plaintiff's damages for being kept out of the possession. The judgment also directed that in ascertaining the damage sustained by reason of waste committed by the defendant the court should allow to the plaintiff the "actual value of the clay and sand taken from the premises by the defendant, and of any timber or trees cut thereon and removed by him," with interest on such value from the time the plaintiff was let into possession until the time of the assessment.

No application for a rehearing was made, or to correct the

judgment. The parties subsequently proceeded to the assessment of the damages before a referee appointed by the court, and after a protracted hearing the referee reported that the damages sustained by the plaintiff for being kept out of possession of the premises were $10,894.58 (the interest on the purchase-money paid from the time of the payment to the date of the report computed as directed in the judgment), and that the defendant in the years 1844, 1845, 1846 and 1847 had taken and removed from the premises clay and sand of the value of $3,120 and timber of the value of $421. Judgment was entered upon the report in favor of the plaintiff for the aggregate amount of the several sums so reported by the referee, together with interest on the value of the materials taken from the premises by the defendant, from September 20, 1859 (the day when the plaintiff was let into possession), to the date of the report. This judgment having been affirmed at General Term, the defendant brings this appeal, and he asks for a reversal of the judgment on the ground that the rental value of the premises, for the ordinary purposes of husbandry, is the only criterion of damages for keeping the plaintiff out of possession, and that the diminished value of the land, and not the value of the materials taken therefrom, is the measure of the compensation to which the plaintiff is entitled for the injury in the nature of waste committed by the defendant. The judgment of this court, on the former appeal, was adverse to the defendant upon both the points urged for the reversal of this judgment. The court below, in making the assessment, acted in strict conformity to the directions of this court, and the judgment should be affirmed on the principle of *stare decisis*, unless there was a plain error committed by this court in declaring or applying the rules of law applicable to the case, or unless the point determined was not involved in the case before it, or unless there are new facts which subvert the ground of the former judgment and change the character or measure of relief to which the plaintiff is entitled. The deliberate judgment of the court of final resort ought not to be

departed from except for strong reasons, and the public policy, which is subserved by stability in judicial decisions, especially requires that the court shall, in the absence of manifest error therein, adhere to the rule of law declared in a particular case where the same question arises upon the same facts and between the same parties in another litigation. The rule declared by this court on the former appeal, that the plaintiff was entitled to interest on the purchase-money paid by him, as damages for being kept out of possession of the premises, was supported upon reason and authority in the able opinion of WOODRUFF, J. It is supposed, however, by the counsel for the defendant, that the additional facts, claimed by him to have been shown on the hearing before the referee, viz., that no profitable use could have been made of the premises for brick-making purposes during the retention of the possession by the defendant, and that, in fact, no use was made of them for that purpose by the plaintiff for several years after he obtained possession, and that the premises meanwhile advanced in value, change the legal aspect of the case, and require that the damages for withholding possession be limited to the rental value of the land for ordinary uses, as the plaintiff lost nothing beyond that by being deprived of the possession.

I think this view proceeds upon a misconception of the principle upon which courts of equity adjust the rights of vendor and vendee where the vendor retains the possession of the land and refuses to deliver it according to his contract. If the purchase-money has not been paid, the vendee may elect either to pay the interest on the purchase-money during the time he has been wrongfully deprived of the possession, and take the rents and profits received or which might have been received by the vendor during the same time, or he may allow the vendor to retain the rents and profits, in which case he will be exempted from the payment of interest. It is not because the rental value of the land is, or is supposed to be, equal to the interest on the purchase-money that the right of election is given. It is, often, and perhaps in most cases it is

less. But the enjoyment of the possession of the land, according to the contract, may be of more value to the purchaser, or he may regard it as of more value to him than the amount of rents and profits he might realize from the use. The possession of the premises by the purchaser is by the contract of sale treated as of equal value to him as the interest on the purchase-money. And when the vendor wrongfully refuses to give possession, and resists the performance of the agreement, he ought not to be allowed to reap the benefit of the contract and compel the vendee to pay interest on the purchase-money, if it turns out that the interest exceeds the rental value of the land. In this case the purchase-money was paid some years before the plaintiff was let into possession, but the rule of damages for willfully withholding the possession is not changed by that fact. The purchaser is entitled to be allowed the interest on the purchase-money. The advantage to the vendee from the appreciation in the value of the land was incident to his right as purchaser, and if it had fallen in value the loss must have been borne by him.

The new facts claimed to have been proved do not affect the application to the case of the rule of damages for withholding the possession of the premises declared by the court on the former hearing.

The question whether the damages for waste committed by a vendor pending a contract of purchase should be measured by the injury to the inheritance occasioned thereby or by the value of the materials taken from the premises, where timber has been cut or stone has been quarried or earth removed by him, or whether either method may be adopted in ascertaining the damages, was not particularly considered in the opinion of WOODRUFF, J. The former appeal on this branch of the case related to the time from which interest should be computed on the value of the materials taken. It was assumed by the counsel and by the court that the plaintiff was entitled to recover the value, and no question was made in respect to it. The judgment, as has been seen, specifically adjudges the right of the plaintiff to recover it. It is not

denied that the defendant is liable to the same extent as the
vendor would have been.   He entered under a contract with
him, and with notice of the plaintiff's rights, and the waste
was committed *pendente lite.*   It is clear, I think, that
the deterioration in the value of the land would be an
appropriate method of fixing the amount of the injury.
In some cases it would be the only way in which compensa-
tion for waste could be given, in view of the nature of the
plaintiff's interest and the character of the injury.   A mort-
gagee or lienor could only recover on proof that his secu-
rity was rendered inadequate by the injury to the freehold.
If the soil, having no value separated from the land, was
stripped from it, so as to render it unproductive and unfit for
the use to which it was applied, the diminished value of the
land would be the only adequate measure of compensation.
So, also, where trees designed for shade or ornament have
been cut down, whereby the value of the land has been
greatly lessened.   And in cases of permissive waste, where a
purchaser has been kept out of possession, and the land has
suffered from lack of cultivation, the court would compel an
allowance to be made by the seller for the injury to the land.
(*Foster* v. *Deacon*, 3 Madd., 394; 3 Sug. on Ven., 133.)
But the diminished value of the land is not the exclusive
measure of relief for an injury in the nature of waste com-
mitted by a wrong-doer on the land of another.   In many
cases it would substantially exempt him from responsibility.
Cutting a few trees on a timber tract, or taking a few hundred
tons of coal from a mine, might not diminish the market
value of the tract, or of the mine, and yet the value of the
wood or coal, severed from the soil, might be considerable.
The wrong-doer would, in the cases instanced, be held to pay
the value of the wood and coal, and he could not shield him-
self by showing that the property from which it was taken
was, as a whole, worth as much as it was before. (*Martin*
v. *Porter*, 5 M. & W., 351 ; *Morgan* v. *Powell*, 3 Ad. & El.
[N.S.], 278 ; *Bennett v. Thompson*, 13 Ire., 146.) .The liability
of the vendor who, pending a contract of purchase, commits

waste upon the premises by cutting timber, trees, or removing stone, sand or clay therefrom, to pay or account to the purchaser for the value thereof, results, I think, from the principle that in equity everything which forms a part of the inheritance belongs to the purchaser from the date of the contract. The purchaser is deemed in equity to be the owner of the land, and a court of equity will, in an action for specific performance, adjust the respective rights and liabilities of the parties upon this assumption. I am satisfied that the judgment declaring the defendant liable for the value of the sand, clay and timber taken by him from the premises was not inadvertently pronounced, but is supported by reason and authority, and I shall content myself by citing some authorities bearing on the subject, without further discussion: *Nelson* v. *Bridges*, 2 Bea., 239; *Attersoll* v. *Stevens*, 1 Taunt., 182; *De Visme* v. *De Visme*, 1 McN. & G., 336; Dart on Vend., 116; 3 Sug. on Vend., 134; *Paine* v. *Meller*, 6 Ves., 349; *Mooers* v. *Wait*, 3 Wend., 104.

There was great diversity of opinion expressed by witnesses on the hearing before the referee as to the value of the brick material taken and used by the defendant, but it cannot be said that the finding of the referee upon that subject was not supported by evidence. I am of opinion that the judgment should be affirmed. If this opinion shall be concurred in, it will close a litigation commenced in the Court of Chancery nearly thirty years ago, and which has passed in its various stages through all the higher courts of the State, and is now determined by a tribunal which had no existence when the action was brought.

The judgment should be affirmed.

Allen, Rapallo and Folger, JJ., concur. Grover, J., dissents. Church, Ch. J., and Peckham, J., do not vote.

Judgment affirmed.