POTTER v. BIERWIRTH et al.

(Supreme Court, Appellate Division, Second Department. January 14, 1916.)

1. VENDOR AND PURCHASER ☞214—REMEDIES OF PURCHASER—ACTION FOR WILLFUL DAMAGE.

An action by the assignee of a contract of sale of a dwelling house against the vendors for willful damage thereto before conveyance was maintainable, being in the nature of the old action on the case, though not strictly for waste, under Code Civ. Proc. § 1651, providing such action.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 436, 442–448; Dec. Dig. ☞214.]

2. VENDOR AND PURCHASER ☞214—REMEDIES OF PURCHASER—EVIDENCE.

In an action by the assignee of a contract of sale of a dwelling house against the vendors for willful damage thereto prior to conveyance evidence *held* sufficient to show such damage.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 436, 442–448; Dec. Dig. ☞214.]

3. VENDOR AND PURCHASER ☞214—REMEDIES OF PURCHASER—WILLFUL DAMAGE TO PROPERTY—DAMAGES.

In an action by the assignee of a contract of sale of a dwelling house against the vendors for willful damage thereto prior to conveyance, the measure of damages was the difference in value before and after, though, had defendants claimed that the damage could be repaired at less cost than the impairment in value, they could have invoked such exceptional measure.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 436, 442–448; Dec. Dig. ☞214.]

4. VENDOR AND PURCHASER ☞214—WILLFUL DAMAGE TO PROPERTY—TREBLE DAMAGES—STATUTE.

In an action by the assignee of a contract of sale of a dwelling house against the vendors for willful damage thereto prior to conveyance, treble

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

damages were improperly allowed, under Penal Law (Consol. Laws, c. 40) § 1433, allowing the recovery of such damages for such injury to real or personal property of another, a penal statute, and hence to be strictly construed, while in the instant case at the time of the infliction of the damages, the legal title was in defendants.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 436, 442–448; Dec. Dig. &xrightarrow{} 214.]

Appeal from Queens County Court.

Action by Elizabeth Potter against Joseph W. Bierwirth and another. From a judgment for plaintiff, an order denying their motion for new trial, and an order granting plaintiff's application for treble damages, defendants appeal. Judgment modified and affirmed; order allowing treble damages reversed, and motion denied; and order denying motion for new trial affirmed.

Argued before JENKS, P. J., and CARR, MILLS, RICH, and PUTNAM, JJ.

Matthew J. Smith, of Long Island City, for appellants.
Walter F. Peacock, of New York City, for respondent.

MILLS, J. This is an appeal by the defendants from a judgment of the County Court of Queens County, entered upon the verdict of a jury rendered at a Trial Term thereof, and from an order made by the county judge at said term, denying the motion of defendants, upon the minutes, for a new trial. After the rendition of the verdict the plaintiff made a motion for the allowance of treble damages, and the court reserved decision upon the motion; the defendants' attorney taking exception in case the motion should be granted. Later the judge granted the motion, and a separate order was entered to that effect, and the appeal is also from that order.

The action is unique, being brought to recover damages to a certain dwelling house, alleged to have been willfully, maliciously, and wantonly inflicted thereon during the period when a contract of sale and conveyance thereof was pending between the plaintiff, as assignee of the contract, purchaser, and the defendants, as owners and vendors. The answer is a denial of the allegations as to the injury. The case was submitted to the jury upon the instruction that, if they found that during the said contract period the defendants willfully, maliciously, and deliberately injured the property and thereby depreciated its value, plaintiff is entitled to a verdict for the amount of such depreciation; otherwise, that the verdict should be for the defendant.

The appellants here make three contentions: (a) That the trial judge erred in denying defendants' motion to dismiss the complaint upon the ground that the action was not maintainable; (b) that the trial judge erred in denying defendants' motion for a new trial upon the ground that the verdict was against the greater weight of the evidence; and (c) that the trial judge erred in granting the plaintiff's motion for treble damages.

[1] As to the first of these contentions, I think that an action of this sort is maintainable. It is not a strict action for waste, under section 1651 of the Code of Civil Procedure; but it is an action in the

nature of the old action upon the case. Such an action has several times been upheld as a proper remedy, even for a mortgagee to seek by which to recover damages from a mortgagor, who, while in possession, has wasted the premises to the impairment of the security. Van Pelt v. McGraw, 4 N. Y. 110.

While neither brief cites any case directly sustaining this action, yet, in the case of Worrall v. Munn, 53 N. Y. 185, cited in respondent's brief, and also reported upon a former appeal in 38 N. Y. 137, such a claim as that made here by the plaintiff was upheld. In that case the action was in equity by a purchaser to compel specific performance of the contract of purchase, and, as as an incident to that relief, the purchaser was permitted to recover damages for willful waste committed by the vendor during the pendency of the contract. I perceive no distinction in principle between that case and the one here at bar, and think that the former may be well regarded as a precedent for the latter. I conclude, therefore, that such an action as this is, upon the facts alleged in the complaint, maintainable.

[2] As to the second contention of the appellant, namely, that the verdict finding that the defendants had deliberately and maliciously injured the property during the contract term is against the greater weight of the evidence, I do not think that we can so hold. It seems to me that the evidence was ample to show that the defendants, after they discovered that plaintiff, their tenant, was the real purchaser, the contract having been taken from them by and in the name of another, systematically set themselves at work to mar and disfigure the premises. The house was quite new, having been finished in February, 1913; the architect of the building was in the rooms the latter part of December, 1913, and found everything in good condition; the contract was made the following March, and there was ample proof that the premises were then in good condition, as naturally they should have been; and March 20, 1914, after the defendants had learned that the plaintiff was the real purchaser, the defendant, Mrs. Bierwirth, in vigorous language manifested her resentment. Soon the plaintiff, in her apartments above, heard noises from below indicating scratching, scraping and hammering; and, after defendants vacated the early part of April, it was found that the rooms which had been occupied by the defendants had been defaced in a manner which could not well have been accidental, namely, among other things of the sort, there had been scratched on the woodwork the family name of the defendants, the word "redhead," in obvious allusion to the color of the plaintiff's hair, had been written on the parlor door, bricks had been torn out of the mantelpiece, on the bathroom door the words "Beware of the mute" had been cut, being a reference to the fact that a visiting relative of the plaintiff was a mute, and there were various other marks, cuts, and gouges, all fresh in appearance.

Without attempting further detailed review, I am satisfied that the proof fully warranted the jury in finding that the defendants had willfully, deliberately, and maliciously defaced the property, thereby injuring it during the contract term, although the defendants denied that they had committed such acts.

[3] Incidentally to his second contention, the learned counsel for the appellant claims that the wrong rule of damages was given to the jury, being that of the difference in value before and after; but the defendants did not except to that rule. Still I understand that in general that is the correct rule. If the defendants in such a case claim that the damages may be repaired at less cost than the resulting impairment of value while they are unrepaired, they may invoke and have the benefit of that exceptional measure of damages; but they made no such claim here. Worrall v. Munn, supra, 53 N. Y. 190; Ogden Lumber Co. v. Busse [1st Dept.], 92 App. Div. 143, 86 N. Y. Supp. 1098.

[4] As to the third contention made here in behalf of the appellant, namely, that the trial court erred in granting plaintiff's motion for treble damages, it seems to me that section 1433 of the Penal Law, upon which such motion was based, is not applicable to this action. That is a penal statute, and therefore is to be strictly construed. So construed, it applies only to "real or personal property of another"—that is, than the wrongdoer. This, I take it, means legal ownership. Here the ownership of the plaintiff, while the contract was pending, was merely equitable, and not at all legal. Worrall v. Munn, supra.

The learned counsel upon neither side has been able to cite here a case directly upon this point; and I have been unable to find any such case, or indeed any case where the question has been considered. In the Worrall Case, supra, such damages allowed were simply single damages. Apparently no claim for treble damages was considered, or even made. In the several cases like the Van Pelt Case, supra, where a mortgagee has brought action against the mortgagor to recover damages for waste committed by the mortgagor in possession, to the impairment of the security, single damages alone have been claimed and allowed. I have personally examined the several cases of the sort cited in the opinion in the Van Pelt Case, supra, and the several subsequent cases in which that case has been cited, and I find none in which the question of treble damages has even been raised.

It is therefore my conclusion that the plaintiff was not entitled to treble damages, for the reason that her ownership during the contract period was merely equitable, and not such as to entitle her to the benefit of section 1433 of the Penal Law. The order allowing treble damages should be reversed, and the motion denied.

The judgment of the County Court of Queens County should be modified, by reducing the damages to the amount allowed by the verdict, namely, $125, and, as so modified, the judgment, and the order denying motion for a new trial, should be affirmed, without costs. Order allowing treble damages reversed, and motion denied. All concur.