John T. Williamson, Respondent, *v.* John Casa-Eguia, Appellant, Impleaded with Herbert M. Pease, Defendant.

Fourth Department, May 8, 1929.

*Edward E. Franchot,* for the appellant.

*Frank Gibbons,* for the respondent.

Taylor, J. Giving to plaintiff his right to all favorable inferences, the complaint and the testimony present the following situation:

On November 29, 1922, defendant Casa-Eguia offered to sell to plaintiff a majority of the stock of the Niagara Falls Ice Manu-

facturing and Storage Company for $67,500, Casa-Eguia to pay certain promissory notes of that corporation, including a balance of $16,000 due on a $25,000 note held by the Power City Bank of Niagara Falls. The offer was accepted December 1, 1922, and cotemporaneously plaintiff bought the remainder of the stock of the corporation from defendant Pease for $17,500, and paid both defendants in full. Before the consummation of his contract with plaintiff on December first, defendant Casa-Eguia made an agreement with the corporation (represented in the transaction by himself and Pease) that as consideration for Casa-Eguia's paying the $16,000 balance on the promissory note, bonds of the corporation of the face value of $25,000 — held by the Power City Bank as collateral — should become the property of Casa-Eguia. Under this arrangement, Casa-Eguia obtained possession of the bonds December 4, 1922. Plaintiff had no information or intimation as to this bond transaction between Casa-Eguia and the corporation until December 15, 1922. Plaintiff brought this action in January, 1925, to recover his damages suffered. When the testimony was all in, plaintiff and defendants moved for a direction of a verdict, neither side asking that any question be submitted to the jury. A verdict was directed in plaintiff's favor for the value of the bonds ($25,000), with interest.

Plaintiff was precluded from bringing a derivative action as a stockholder, based upon depletion of the assets of the Niagara Falls Ice Manufacturing and Storage Company, for the reason that such an action, commenced in November, 1923, had been decided in favor of defendant Casa-Eguia by a judgment determining that he was the owner of the bonds described (*Niagara Falls Ice Mfg. & Storage Co.* v. *Casa-Eguia*, 215 App. Div. 750; affd., 243 N. Y. 634).

But this individual action by plaintiff will lie, and as to it the judgment above referred to is not *res adjudicata*. For this plaintiff — in his individual capacity — was not a party to the former action, nor a privy of the plaintiff. It is fairly to be inferred from this record that as part consideration for the large sum of money to be paid by plaintiff to Casa-Eguia for his stock in the corporation named, defendant agreed to pay *out of his own funds* the $16,000 balance due on the corporation promissory note; that when plaintiff bought all the stock of the corporation from Pease and Casa-Eguia, he impliedly and equitably purchased the corporation assets as they existed November 29, 1922 — although the legal title to the assets was in the corporation. (*U. S. Radiator Co.* v. *State of New York*, 208 N. Y. 144, 152.) At least plaintiff purchased an assurance from Casa-Eguia that he would not secretly make a contract

with the corporation (before he closed with plaintiff) to the effect that he should have possession and ownership of the bonds mentioned as consideration for his paying the note above referred to. Casa-Eguia's acts in secretly arranging to thus secure possession of the bonds before the signing of the contract by plaintiff on December 1, 1922, and his obtaining possession of the bonds on December 4, 1922, unknown to the plaintiff, were both violative of his contract and in fraud of plaintiff. " Every party must be deemed to have intended the natural and inevitable consequences of his acts, and where his acts are voluntary and necessarily operate to defraud others he must be deemed to have intended the fraud." (*Coursey* v. *Morton,* 132 N. Y. 556, 560.)

Plaintiff has been damaged in that Casa-Eguia's failure to pay the $16,000 balance due on the promissory note, without indemnifying himself by taking possession of the corporation bonds or otherwise depleting the corporation assets, has deprived plaintiff of property rights in the amount found by the learned trial court. If not, then as well might Casa-Eguia have lawfully obtained possession and ownership of all the corporate assets in the same manner and have taken plaintiff's money in consideration for the stock — leaving to plaintiff only wonderment at the mysteries involved in human activities and the limitations of the law applicable to them.

For the doing of such an act, not only wrongful but in breach of contract, the law should and does furnish a remedy. Plaintiff has pleaded and established sufficient to make out a cause of action in the nature of an action on the case for the injury sustained and for resultant damages. In fact, the essentials of an action in deceit may be spelled out of the complaint, and have been proved upon the trial. However, " It is not necessary to determine with exact discrimination and accuracy whether the right of action in the case at bar is based upon a violation of a contract between the parties created through implication of the law or upon the infraction of an obligation or duty imposed by the law upon the defendant. The plaintiff was entitled to recover, upon the evidence in her behalf, upon the theory of a tort or a breach of contract by the defendant. (*Gillespie* v. *Brooklyn Heights R. R. Co.,* 178 N. Y. 347.) Frequently a given state of facts will sustain either theory. (*Rich* v. *N. Y. C. & H. R. R. R. Co.,* 87 N. Y. 382, 390; *Busch* v. *Interborough R. T. Co.,* 187 N. Y. 388.) * * * In the case here the acts of the defendant were wrongful and violative of the duty imposed by law. They were committed in virtue of a deliberate intent and design and were willful and not merely negligent. * * * The plaintiff in recovering her damages was entitled to the sum which

would compensate her for the injuries received by her which were the direct effects of those wrongful acts." (*Boyce* v. *Greeley Square Hotel Co.*, 228 N. Y. 106, 110, 111.)

The above quotation, although referring to a different set of facts, is pertinent to the transaction, the pleadings and the proof under consideration.

Situations of general similarity to that presented in the instant action were involved in the following cases: *Van Pelt* v. *McGraw* (4 N. Y. 110); *Potter* v. *Bierwirth* (171 App. Div. 175); *Morgan* v. *Waters* (122 id. 340); *Ogden Lumber Co.* v. *Busse* (92 id. 143); *Yates* v. *Joyce* (11 Johns. 136).

The courts should not manifest anxiety lest a remedy chosen by a litigant be regarded by the over-meticulous — or by an opponent — as not being capable of exact or conventional classification. We see no reason why the result reached by the learned trial court, after much discussion and contemplation, was not *secundum allegata et probata*.

Since we find no reason for reversal or granting a new trial, the judgment should be affirmed, with costs.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and CROSBY, JJ.

Judgment, so far as appealed from, affirmed, with costs.