THE PEOPLE OF THE STATE OF NEW YORK on the Complaint of SARAH SCHARFSTEIN, Complainant, v. TILLIE RADER and Another, Defendants.

City Magistrate's Court, Borough of Brooklyn, Eighth District, July 2, 1931.

*William F. X. Geoghan, District Attorney* [*Lewis Joseph, Deputy Assistant District Attorney*, of counsel], for the People.

*Krimko & Lebovitz*, for the complainant.

*Lind, Shlivek, Marks & Rind*, for the defendants.

RUDICH, J. The defendants are charged with the crime of malicious mischief under section 1433 of the Penal Law, upon the following facts set forth in a written complaint: On April 22, 1929, the defendant Rader took title to real property in the borough of Brooklyn and in part payment therefor executed a purchase-money mortgage to the complainant. About one year later the same defendant conveyed the premises to a corporation the officers of which were her close relatives. Shortly thereafter, because of default in the terms of the mortgage, foreclosure proceedings were commenced by the complainant, in which a receiver was duly appointed by the Supreme Court. The complaint here charges that after the appointment of the receiver and before the sale of the property under foreclosure, these defendants seriously damaged the property and removed therefrom plumbing equipment, chandeliers, mirrors, and a large number of other articles that had been attached to the realty. The complainant bought in the property at the sale, and the complaint charges that she was obliged to expend more than $1,000 in repairing the damage.

Section 1433 of the Penal Law declares that " a person who unlawfully and wilfully destroys or injures any real or personal property of another " may be punished by fine or imprisonment. Subdivision 3 of that section further provides that " in addition to the punishment prescribed therefor, he is liable in treble damages for the injury done, to be recovered in a civil action by the owner of such property."

The defendants move to dismiss the complaint on the ground that when the damage is alleged to have been committed this complainant did not have legal title to the property, being then only the mortgagee and plaintiff in the foreclosure action. They contend that under the decision in *Potter* v. *Bierwirth* (171 App. Div. 175) the right to invoke the statutes against malicious mischief is given only to the owner of the legal title, which in this case would be the corporation, and that at most the complainant has only a civil cause of action against the defendants

The case cited by the defendants was a civil suit by the purchaser of a dwelling house against the owners-vendors for damage they had inflicted to the building between the signing of the contract and the closing of title thereunder. The court held that the action for single damages was maintainable, but it denied the plaintiff's

claim for treble damages under the subdivision above quoted, saying: " That is a penal statute and, therefore, is to be strictly construed. So construed, it applies only to ' real or personal property of another '— that is, than the wrongdoer. This, I take it, means legal ownership. Here the ownership of the plaintiff, while the contract was pending, was merely equitable, and not at all legal."

While it is true that since the enactment of the Revised Statutes in 1928 the interest of a mortgagee in mortgaged property is equitable in nature rather than legal, there is an important difference between the case at bar and the *Potter* case. There the damage was done by the owners of the legal title, while the property was still theirs; here the damage was done by one defendant who had long since parted with title, assisted by the other defendant, who never had any interest in the premises. Having no title at the time the acts alleged were committed, the defendants stand in no position to quibble about the precise nature of the complainant's title. The latter was vitally interested in the preservation of a building which had been pledged to her as security for the payment of the mortgage debt, while, so far as these defendants were concerned, this property was " the property of another " as stated in the statute. I, therefore, hold that when strangers to the title damage property covered by a mortgage, either the owner of the fee or the mortgagee may prosecute a criminal action for malicious mischief against the offenders.

It may be urged that in thus defining the phrase " property of another " as inclusive of the property rights of another I am placing a broader construction upon the statute than did the Appellate Division in the *Potter* case. The answer to that argument is this: In the *Potter* case the plaintiff asked the court to apply a penal statute in a civil suit for the purpose of trebling the amount of his recovery; it is elemental that, in civil actions, statutes that are punitive in character will be strictly construed against the party that calls them into consideration. In the Penal Law, however, the Legislature has expressly declared, by section 21 thereof, that " The rule that a penal statute is to be strictly construed does not apply to this chapter or any of the provisions thereof, but all such provisions must be construed according to the fair import of their terms, to promote justice and effect the objects of the law."

Bearing in mind this important difference in rules of construction my interpretation of this section may be readily reconciled with that of the Appellate Division in the *Potter* case.

I find no merit in the contention that the acts charged constitute

at most only a civil wrong and not a crime. Without delving deeply into social science, it may be safely asserted that it has ever been the policy, incorporated into our system of jurisprudence, for the sovereign power to punish any wanton injury to another's property which might provoke violent retaliation. In its endeavor to preserve peace, the sovereign power takes cognizance of the impulses that motivate human action; it realizes that willful, malicious violation of one's property rights naturally leads to retaliation on the part of the aggrieved person. To deny punishment may lead to the recrudescence of the feud. Where the act charged is accompanied by a corrupt purpose, a wicked intent to do evil, it involves such high issues that the State, instead of leaving its cognizance to the civil tribunals, declares that the rights of the State have been violated, and it proceeds against the individual charged with the commission of the offense. Such was the nature of the acts here complained of. In virtually stripping this building and thus substantially impairing the security for the mortgage debt, the defendants acted so maliciously and dealt with something that was not their own in such manner as to transgress beyond the line of demarcation that separates private wrongs from crimes.

The complaint makes no mention of any consent by the corporation to the removal of the articles taken. As to whether that consent, if given, would avail the defendants in this proceeding, I express no opinion.

The motion to dismiss the complaint is denied. The magistrate presiding in this court on July 2, 1931, will please set a date for the examination thereunder.