CHRISTOPHER FRISCHMAN, Plaintiff, *v.* METROPOLITAN TOBACCO COMPANY, INC., et al., Defendants.

Supreme Court, Special Term, New York County, March 26, 1951.

*H. Russell Winokur* and *Richard S. Lane* for Metropolitan Tobacco Company, Inc., defendant.

*Harold R. Brophy* for plaintiff.

HAMMER, J. Defendant Metropolitan Tobacco Company, Inc., moves to dismiss the third cause of action for insufficiency. The cause is framed for recovery of treble damages pursuant to section 1433 of the Penal Law. Plaintiff was employed by Metropolitan for twenty-five years. He claims defendants conspired to and did induce breach of union by-laws and constitution and the employment agreement with Metropolitan, by reason of which he has been deprived of employment and additional benefits. It is charged such injury and destruction of rights were done knowingly, intentionally and maliciously.

A cause of action exists against those who unlawfully induce breach of contract (*Lurie* v. *New Amsterdam Cas. Co.,* 270 N. Y. 379; *Hornstein* v. *Podwitz,* 254 N. Y. 443; *Posner Co.* v. *Jackson,* 223 N. Y. 325). The action exists in the absence of malice if breach is induced knowingly, intentionally and without justification. Nor does the remedy on the contract exonerate those who wrongfully induce its breach (*Hornstein* v. *Podwitz, supra*).

The pertinent portion of section 1433 reads:

" A person who unlawfully and wilfully destroys or injures any real or personal property of another, * * * in a case

where the punishment is not specially prescribed by statute, is punishable as follows:

" 1. If the value of the property destroyed, or the diminution in the value of the property by the injury is more than two hundred and fifty dollars, by imprisonment for not more than four years.

" 2. In any other case, by imprisonment for not more than six months, or by a fine of not more than two hundred and fifty dollars, or by both such fine and imprisonment.

" 3. And in addition to the punishment prescribed therefore, he is liable in treble damages for the injury done, to be recovered in a civil action by the owner of such property, or the public officer having charge thereof."

No case decided in the courts of this State has been furnished by plaintiff supporting its contention that section 1433 is intended to cover the incorporeal right here involved. That section is part of article 134 of the Penal Law, which deals quite clearly with various acts of malicious mischief. Legal ownership of real or personal property is involved (*Potter* v. *Bierwirth,* 171 App. Div. 175).

In *Yeamans* v. *Nichols* (81 N. Y. S. 500, 502) SEABURY, J., construing the predecessor statute (Penal Code, § 654) said: " This penal statute prohibits, in sweeping language, acts which at common law constituted malicious mischief, and is broad enough in its scope to include other acts also prohibited by the Penal Code, but it prescribes certain punishments for acts only ' when the punishment is not specifically prescribed by statute.' * * * But such a civil action cannot be maintained unless the complaint pleads facts sufficient to constitute a crime under section 654 of the Penal Code."

Reliance is placed on *Vassardakis* v. *Parish* (36 F. Supp. 1002). It does not clearly appear there, however, that the fourth count was framed for recovery of treble damages pursuant to the Penal Law or that in denying summary judgment to defendant the fourth cause was sustained as entitling plaintiff to such recovery. To support it, the cause must set forth facts sufficient to constitute a crime within the statute (*Schneider* v. *44–84 Realty Corp.,* 169 Misc. 249, affd. 257 App. Div. 932).

Since the basic claim set forth in the third cause of action is the subject of the first and second causes upon which plaintiff may secure complete recovery, the third cause of action becomes surplusage.

The motion is granted.