PHOTOGRAPHIC IMPORTING & DISTRIBUTING CORPORATION et al., Respondents, *v.* ELGEET OPTICAL Co., INC., et al., Appellants.

First Department, June 19, 1953.

*S. Sawyer Le Vay* of counsel (*Seymour Bernstein,* attorney), for appellants.

*Morton L. Kimmelman* for respondents.

*Per Curiam.* The complaint in this action purports to allege a cause of action for malicious interference with contract rights and similarly a cause of action for treble damages for violation of section 1433 of the Penal Law. The complaint is conclusory in its allegations that plaintiffs, engaged in the business of marketing and distributing imported photographic equipment, entered into contractual agreements with a number of firms in the United States for the distribution of plaintiffs' merchandise, and that defendant corporation, a competitor which likewise sold merchandise to the same distributors, maliciously induced the customers to break their agreements with plaintiffs.

By a bill of particulars the claim of malicious interference was made more specific to reveal that the contractual arrangements which plaintiffs had with their customers were oral and at will and that the extent of defendants' interference was to advise the mutual distributors that defendants would not sell them if they continued to sell the Japanese merchandise sold by plaintiffs.

We think such conduct on the defendants' part, without more, does not amount to a malicious interference with plaintiffs' contracts. It appears to be only a matter of business policy and selection of customers on defendants' part, which however it may be criticized, does not amount to illegality.

Neither does such an alleged cause of action, which would not constitute a crime, constitute a violation of section 1433 of the Penal Law, giving rise to a cause of action for treble damages (*Frischman* v. *Metropolitan Tobacco Co.,* 199 Misc. 844).

The order appealed from, denying defendants' motion to dismiss the complaint for failure to state a cause of action, should be reversed and the motion granted, with leave to plaintiffs to amend and replead the first cause of action, if so advised, on factual allegations showing wrongful acts on the part of defendants violating plaintiffs' rights.

PECK, P. J., GLENNON, DORE, CALLAHAN and BREITEL, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellants and the motion granted, with leave to plaintiffs to amend and replead the first cause of action, if so advised, on factual allegations showing wrongful acts on the part of the defendants violating plaintiffs' rights. [See *post,* p. 836.]