■ POLYCHROME CORPORATION, Respondent, v. LITHOTECH CORP. et al., Appellants.— Appeal from so much of an order as denied appellants' motion (1) to require that respondent separately state and number any purported cause of action contained in the first cause of action in the second amended complaint, pursuant to subdivision 3 of section 1433 of the Penal Law (Rules Civ. Prac., rule 90) or, in the alternative, to strike from said complaint paragraph " B " of the prayer for relief; (2) to strike out the allegations in the second cause of action on the ground that said allegations and cause were unnecessary, redundant and repetitious (Civ. Prac. Act, § 241; Rules Civ. Prac., rule 103); (3) to require that respondent separately state and number each cause of action purported to be alleged in the third cause of action (Rules Civ. Prac., rule 90), and from so much of said order as denied the motion of appellants Criscuolo, Amoroso and Birnbaum to dismiss the said complaint as to them on the ground that it failed to state facts sufficient to constitute a cause of action against them (Rules Civ. Prac., rule 106, subd. 4). Order modified by striking therefrom the second ordering paragraph and by substituting therefor provisions (1) granting the motion to strike from said complaint

paragraph " B " of the prayer for relief, (2) granting the motion to strike out the paragraphs of the second cause of action to the extent of striking out paragraph 35 and (3) denying the motion in all other respects. As so modified, order insofar as appealed from affirmed, without costs. There is no reference to subdivision 3 of section 1433 of the Penal Law in the first cause of action. In the prayer for relief, respondent demands judgment for $100,000 against all appellants and for equitable relief. In paragraph "B" of said prayer respondent demands treble damages of $300,000 against all appellants pursuant to subdivision 3 of section 1433 on the first cause of action. Under that subdivision a person is liable in treble damages, to be recovered in a civil action, for unlawfully and willfully destroying or injuring real or personal property of another. In such a civil action, the complaint must state facts sufficient to constitute a crime under the statute (*Schneider* v. *44-84 Realty Corp.,* 169 Misc. 249, affd. 257 App. Div. 932; *Photographic Importing & Dist. Corp.* v. *Elgeet Opt. Co.,* 282 App. Div. 223). Mere breaches of contract or interference with contract rights or acts which do not constitute a crime under the statute do not give rise to a cause of action for treble damages under the statute (*Photographic Importing & Dist. Corp.* v. *Elgeet Opt. Co., supra; Frischman* v. *Metropolitan Tobacco Co.,* 199 Misc. 844; *Yeamans* v. *Nichols,* 81 N. Y. S. 500, 502). The statute is intended to apply to actual physical damage to property, in the nature of malicious mischief, and is not intended to apply to violations of incorporeal rights (*Frischman* v. *Metropolitan Tobacco Co., supra*). No cause of action was stated under the statute. The motion to strike out prayer " B " should have been granted (Civ. Prac. Act, § 476; *Chesny* v. *Chesny,* 278 App. Div. 586). We do not pass upon the question of whether the first cause of action purports to contain a cause of action under section 1433 of the Penal Law which is distinct and separate from the cause of action seeking damages and equitable relief and which should have been separately stated and numbered. It would be futile to direct respondent to separately state and number a patently bad cause of action. Paragraph 35, pleaded in the second cause of action, is repetitious and unnecessary. We do not pass upon the question of whether the third cause of action pleaded contains more than one cause. The denial by Special Term of the motion addressed to the third cause does not prevent appellants from pleading their denials with clearness and certainty nor does it prejudice them in preparing for trial (*O'Hara* v. *Derschug,* 232 App. Div. 31; *Silberfeld* v. *Swiss Bank Corp.,* 183 Misc. 234, affd. 268 App. Div. 984). Wenzel, Acting P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ., concur.