## GROVENBURGH *v.* McKEOUGH.

LEASE ON SHARES—FORFEITURE.

A lessee of a farm on shares does not forfeit his lease by giving to a third person verbal permission to work a portion of the farm on the same terms, where the oral arrangement is abandoned without anything being done under it.

Error to Ingham; Person, J.   Submitted June 14, 1898. Decided July 12, 1898.

Summary proceedings by Jerome Grovenburgh against Royal J. McKeough to recover the possession of land. From a judgment for defendant, complainant brings error.   Affirmed.

This case was tried before the court, and a finding of facts made.   The finding shows that complainant had a life estate in the premises; that on September 5, 1894, he leased them for three years to one Fox on shares, complainant to have one-third of the crops.   Fox took possession, and continued therein under the lease till the fall of 1896, when he assigned the lease to defendant, who took possession, and remained therein until the commencement of this suit.   Sometime between January 1 and April 8, 1897 (the latter being the date when this suit was commenced), defendant made an oral agreement with one Lounsbury, to the effect that Lounsbury should work one field of about seven acres by planting and tilling a crop of corn, which, when harvested, was to be divided,—one-third to complainant, one-third to defendant, and one-third to Lounsbury.   When this action was commenced, Lounsbury had a right, so far as defendant was concerned, to enter upon the field for the purpose of putting in the crop.   In fact, however, nothing was done under the contract, and it was not carried into effect.   Complainant

planted his suit upon the theory that the lease between himself and Fox was forfeited by the assignment of the lease to defendant. Upon the trial, complainant learned of the arrangement with Lounsbury, and abandoned the first theory, and urged that the lease was forfeited in consequence of the arrangement with Lounsbury. The learned circuit judge found that the original lease was not forfeited, because the oral contract with Lounsbury was never carried into effect.

*Cummins & McArthur*, for appellant.

*Jason E. Nichols*, for appellee.

. GRANT, C. J. (*after stating the facts*).    Counsel for complainant insist that the case is ruled by *Randall* v. *Chubb*, 46 Mich. 311 (41 Am. Rep. 165), and *Lewis* v. *Sheldon*, 103 Mich. 102. The contention cannot be sustained. In those two cases the leases had been assigned, and the assignors had parted with all control. Complainant has not been injured. He contracted for the personal obligation of defendant, who, he now admits, stands in the shoes of the original lessee. He has that obligation still unimpaired. The abandoned oral contract did not operate as a forfeiture of the lease.

Judgment affirmed.

The other Justices concurred.