## LESLIE v. STANDARD SEWING-MACH. CO.

### (Circuit Court of Appeals, Seventh Circuit.   January 2, 1900.)

### No. 625.

1. APPEAL—REVIEW OF INSTRUCTIONS—ASSIGNMENT OF ERROR.

   Where the only instruction given was the direction of a verdict for defendant, the other portion of the charge being simply explanatory of the reasons for that action. a general exception to the charge, and an assignment of error that the court erred in directing a verdict for defendant, are sufficiently specific.

2. SAME—BILL OF EXCEPTIONS.

   The rule that the bill of exceptions must contain all the evidence, to enable an appellate court to pass upon the correctness of an instruction directing a verdict for one of the parties, will not be applied where the reason for it fails,—as where the bill, though not purporting to contain all the evidence, contains a statement of evidence on behalf of the plaintiff sufficient on every issue to have justified a verdict in his favor, and the action of the court was evidently the result of a misapprehension of the bearing of such evidence.

3. PATENTS—LICENSE—ACTION FOR ROYALTIES.

   Under a license to make sewing machines under a patent, which provides that the patentee does not guaranty the validity of the patent, but that all royalties thereunder shall cease in the event such patent shall be adjudged invalid, and, further, that the licensee may make such alterations in the machines as it may deem expedient. but no such alteration shall relieve it from the payment of royalties "so long as the machine made by it involves any of the essential principles covered by the patent," the licensee cannot avoid the payment of royalties on the ground that it has so changed the machine that it does not infringe the combination of the patent as limited by the prior art.

In Error to the Circuit Court of the United States for the Northern Division of the Northern District of Illinois.

The principal question in this case is whether the circuit court erred in directing a verdict for the defendant. The entire charge of the court, ending with the peremptory direction, was as follows: "Gentlemen of the Jury: The court being of the opinion that there are no questions of fact in this case to be submitted to the jury, it would be the duty of the court to direct a verdict in favor of the defendant upon these general grounds: Each of the patents in suit,—the five which have been introduced on the part of the plaintiff,— and each of the claims of those patents which have been referred to, are restrictive by the terms of the patent, and, in view of the clearly-shown prior art, to such an extent that the doctrine of mechanical equivalents cannot be invoked in this case. in the opinion of the court. It is conceded that all of the various elements which enter into each of the claims are old and well known, and the only claim of invention is in uniting and bringing together in a combination these old elements. In the state of the art of sewing machines, as here disclosed, there can be no such construction given to these claims as would authorize the submission to you of the question whether they were mechanical equivalents in some way, or any of the changes which have been introduced. It is conceded that in every instance, as to every claim. that the elements are not employed by the defendant in any of the machines since 'No. 1,' as it is called. Strike out the word 'concede.' I will just state that a combination claimed in a patent is one in which several elements enter, which, combined, together make what is called 'invention.' They may be old. If the combination is a new one, producing new results, then it becomes a patentable invention. The difficulty in this case is that the machines introduced as showing the use of the patented devices (all except No. 1) fail in each instance to employ all the elements entering into each of these combination claims. That being the case, so far as the manufacturers of the machines 2,

3, 4, and 5 are concerned, and, under the evidence in this case, the const_ruc-tion to be put upon these patents, the court feels bound to instruct you that they do not employ the devices in the patents. As to machine No. 1. there is no dispute but that it is generally in accord with the patents,—at least, with a portion of them,—so that all of the machines which were manufactured in accordance with the model or plan shown in machine No. 1 would be liable for royalty. It is, however, undisputed in this case that the number of ma-chines so manufactured will be much less, in the amount of royalties to be produced, than the amount which was advanced on the contract. Therefore that is not material here. And the court being of opinion that the plaintiff is not entitled to the showing of mechanical equivalents to the extent which would bring these several devices shown in the machines, from 2 to 5, within the patent, you are instructed that a verdict should be returned finding the issues for the defendant." "To which instruction," the bill of exceptions pro-ceeds to say, "the plaintiff, by his counsel, then and there duly excepted." The sixth specification of error is that "the circuit court erred in instructing the jury to find the issues for the defendant." It is objected that the ques-tion cannot be considered, because the exception to the charge and the speci-fication of the error are not sufficiently specific (City of Milwaukee v. Shailer, 55 U. S. App. 522, 28 C. C. A. 286, 84 Fed. 106), and because the bill of ex-ceptions does not contain, nor purport to contain, all the evidence adduced at the trial. The proof made of the prior art, it is conceded, is not in the tran-script. The action was in assumpsit on a contract, a copy of which will be found in the report of the opinion of this court upon a former writ of error in the case. Machine Co. v. Leslie, 46 U. S. App. 680, 24 C. C. A. 107, 78 Fed. 325.

James H. Teller, for plaintiff in error.

John Dane, Jr., and Charles S. Holt, for defendant in error.

Before WOODS, Circuit Judge, and BUNN and ALLEN, District Judges.

WOODS, Circuit Judge, after making the foregoing statement, de-livered the opinion of the court.

The essential point of the court's charge to the jury was the di-rection to find the issues for the defendant, the other parts being simply explanatory of the reasons for that action; and the excep-tions saved and the specification of error, being both aimed directly at that point, cannot be said to be indefinite or uncertain. The ob-jection to the bill of exceptions has better foundation, but should not prevail. Beyond doubt, and for obvious reasons, it is the rule that, if the bill of exceptions does not contain all the evidence, the question whether a general verdict or finding of the lower court was supported by the evidence will not be considered; and the same rule has often been applied when the question was whether a per-emptory instruction, directing a verdict for one party or the other, was justified. The latter question, however, it is evident, is or may be essentially different from the former; and, when all reasons for applying the rule fail, it should not be given effect. The ques-tion whether a verdict or finding was supported by the evidence obviously cannot be answered, if the bill of exceptions leaves it un-certain what the entire evidence was. It must always be presumed in such a case that any defect in the evidence presented would be removed by a full statement, but, while every presumption must be in-dulged in favor of a judgment, it should be a reasonable presumption, not inconsistent with what is shown in the record; and when a find-

ing has been directed in favor of the defendant in a case, and the bill of exceptions, though not purporting to contain all the evidence, contains a statement of evidence in behalf of the plaintiff sufficient on every issue to have justified a verdict in his favor, the rule manifestly ought not to apply, especially if it be apparent that the action of the court was the result of a misapprehension of the bearing of the proof adduced. It is plain that there was such an error in this case. Upon the evidence set out in the bill of exceptions, the plaintiff was entitled to recover on one paragraph of the declaration a stipulated sum for each machine manufactured by the defendant, if those machines involved "any of the essential principles covered by the patents." The question was taken from the jury because in the judgment of the court, as stated in its charge, the claims of each of the patents "are restrictive by the terms of the patent, and, in view of the clearly-shown prior art, to such an extent that the doctrine of mechanical equivalents cannot be invoked in this case." That was to treat the case as if there were no contract between the parties, and the question were simply of infringement by a wrongdoer. In Eureka Co. v. Bailey Co., 11 Wall. 488, 20 L. Ed. 209, there was a contract by which a licensee "was to pay a royalty of fifty cents for every machine manufactured by it in which the patent should be used"; and, in regard to the denial there made that the machines manufactured and sold were covered by the plaintiff's patent, the court declared itself "not at all satisfied that in equity it can be permitted to set up this defense, while it makes no attempt by cross bill, or even in the answer, to show that the agreements were obtained by fraud, surprise, or imposition." The present case is at law, and the question is not one of equity, but of strict contract right. The contract is explicit, and, in our opinion, excludes any inquiry into the prior art for the purpose of limiting the scope of the patents. It contains the express stipulation that Leslie "shall not be held to guaranty the validity of said patents, or any of them, or to protect said second party against infringement thereof, * * * but all royalties hereunder shall cease upon the date of a decree of any court of competent jurisdiction declaring the invalidity of said patent or patents"; and it is further provided that the "second party shall not be obliged to make rotary shuttle sewing machines like any model that has been or may be constructed or settled upon as a standard, but it may from time to time make such changes as may seem to it expedient, but no such alteration or change shall relieve the second party from the payment of royalties as hereinafter provided, so long as the machine made by it involves any of the essential principles covered by the patent of the first party." This last expression clearly means that changes or alterations which should introduce only equivalents of the original elements should not relieve the second party from the payment of the stipulated royalties, and, like the other provision, that all royalties should cease on the date of a decree declaring the invalidity of the patents, is inconsistent with the proposition of the court that the doctrine of mechanical equivalents could not be invoked in the case. To the same effect in our former opinion we said:

"Leslie was unwilling to guaranty the validity of his patented inventions, or to protect the company in their use, should they prove to infringe upon another's protected rights. This risk was assumed by the company,—upon the condition, however, that the payment of royalty should cease when a competent court should declare the invalidity of the invention."

It is unnecessary to consider whether, upon other counts of the declaration, the case should have been submitted to the jury. The judgment below is reversed, with instruction to grant a new trial.