HILSENDEGEN v. HARTZ CLOTHING CO.

1. LANDLORD AND TENANT — LEASE — FORFEITURE — SUBLETTING PREMISES.

Permission to sublet portions or departments of a store that the owner leases under the usual proviso against subletting, warrants the lessee in leasing the entire premises except the basement and one room on the ground floor and a space in one corner for the lessee's office, to a corporation formed by him to take over his business.

2. SAME—INTERPRETATION.

Interpretations which create a forfeiture are not favored, and it is the policy of the law to limit so far as is reasonable the effect of a covenant in a lease by which a forfeiture is created.

3. SAME.

Such covenants are construed most strongly against the lessor and most favorably to the lessee.

Error to Wayne; Murfin, J. Submitted February 6, 1911. (Docket No. 132.) Decided March 31, 1911.

Summary proceedings by Elizabeth Hilsendegen and the estate of V. Hilsendegen against the Hartz Clothing

Company to recover possession of certain portions of a store building. From a judgment of the circuit court commissioner awarding restitution, defendant appealed to the circuit court. A judgment for complainants on a verdict directed by the court is reviewed by defendant on writ of error. Reversed.

*Sloman & Sloman* (*Benedict H. Lee*, of counsel), for appellant.

*Corliss, Leete & Joslyn* (*John B. Corliss*, of counsel), for appellees.

BLAIR, J. Elizabeth Hilsendegen, one of the above-named complainants, on May 1, 1905, leased to John C. Hartz the following premises:

"The store Nos. 52 and 54 Monroe avenue and 14 Farrar street, together with the basement thereunder, said premises being located in the Hilsendegen Block; it being the intention of the parties to lease the same premises now occupied by said second party for the term of ten years from and after the 1st day of May, 1905."

The lease contained the usual printed clause against assigning, transferring, or subletting the premises without written consent, and the following clause in writing:

"Permission is hereby given second party to sublet portions or departments of said store for the same line of business, also the basement for any unobjectionable business, other than for saloon, restaurant, pawnshop, and jewelry business."

At the time of the making of the lease, John C. Hartz was in possession of the premises under a prior lease from said Elizabeth Hilsendegen. He had occupied No. 52 of said premises for 28 years and No. 54 for 15 years, conducting therein a clothing and furnishing business. Nos. 52 and 54 were practically one store. No. 14 Farrar street was in the same building, in the rear of 52 and 54, and was connected with 52 by two doors, which were always open during the daytime, allowing access from one

to the other.   It was occupied by a hat hospital and tailor shop.   At the time of the trial the former had been there 15 years, and the latter about 10 years, under lease from John C. Hartz.

On December 7, 1909, Hartz organized the Hartz Clothing Company, subscribing for all the shares of stock except two.   On the same day he transferred to the corporation all of his stock in trade, fixtures, good will of the business, etc., excepting the leasehold of the premises, and executed to it a lease of the following described premises:

" The ground floor of the store Nos. 52 and 54 Monroe avenue, located in the Hilsendegen Block, now occupied by John C. Hartz, doing business as the John C. Hartz Company, excepting a space 15 by 20 feet in area, situated in the southwest corner of the rear of said floor, and reserving the right of entrance thereto and exit therefrom, by and through the entrance to said floor, for the term of five years four months and twenty-four days, from and after the 7th day of December, 1909, on the terms and conditions hereinafter mentioned, to be occupied for a hat, gents' furnishing goods, and clothing store."

On January 14, 1910, complainants instituted summary proceedings before a circuit court commissioner to recover possession of the premises.   Complainants recovered judgment before the commissioner, which was affirmed on appeal by the circuit court, and defendant prosecutes its writ of error to reverse the judgment.

Plaintiffs contend:

" (1) That the lease was to John C. Hartz personally for the maintenance of a business of a certain character, with the privilege of extending the same by the addition of other lines of a kindred nature.

" (2) That the transfer to defendant corporation of the entire business, including good will, etc., was a violation of the conditions of the lease and worked a forfeiture thereof.

" (3) That the reservation of a little space 15x20 feet in area in one corner of the store by Hartz for a real estate office or some other business foreign to the character of his original enterprise was a subterfuge, inserted

165 MICH.—17.

for the purpose of avoiding the terms and conditions of the lease, and the effect of the transfer of the entire possession of his business to the defendant corporation."

We are unable to agree with complainants' construction of the lease. Interpretations which create a forfeiture are not favored, and it is the policy of the law to limit, so far as is reasonable, the effect of a covenant in a lease by which a forfeiture is created. *Miller* v. *Havens*, 51 Mich. 485 (16 N. W. 865); *Crouse* v. *Michell*, 130 Mich. 355 (90 N. W. 32, 97 Am. St. Rep. 479). Such covenants should be construed most strongly against the lessor, and most favorably to the lessee. 24 Cyc. p. 967.

Construing this lease in accordance with the foregoing general canons of interpretation, what "portions or departments of said store" theretofore described as "the store Nos. 52 and 54 Monroe avenue and 14 Farrar street" was the lessee authorized to sublet? The lessor might have determined this question by a specific limitation in the lease. She did not see fit to determine whether the sublease might cover large or small portions of the store, and therefore the clause would permit a sublease of any portion short of the whole. The sublease did not cover 14 Farrar street, the basement under No. 52 Monroe avenue, or the space of 15x20 feet on the ground floor of 52 and 54 Monroe avenue. It therefore covered portions of the store, as permitted by the lease.

Taking this view of the case, it becomes unnecessary to consider the other questions raised. We are of the opinion that the defendant was entitled to an instructed verdict in its favor upon the undisputed facts.

The judgment is reversed, and a new trial granted.

OSTRANDER, C. J., and BIRD, BROOKE, and STONE, JJ., concurred.