# NOBLE *v.* CRANE.

'APPEAL AND ERROR; ASSIGNMENTS OF ERROR.

A general assignment of error that "the court erred in sustaining the de-
murrer and dismissing the bill" of review is sufficiently specific, where
the bill presents but one issue and the ground upon which the de-
murrer was sustained does not appear, since it would be difficult to
assign specific error without expanding the assignment of errors into
an argument.

No. 2446.   Submitted October 21, 1912.   Decided November 4, 1912.

HEARING on motion to vacate on order dismissing an appeal
by complainant from a decree of the Supreme Court of the Dist-
rict of Columbia sustaining a demurrer to a bill of review and
dismissing the bill.

*Previous order vacated and case restored to calendar.*

*Mr. William Henry White* for the motion.

*Mr. Samuel Maddox, Mr. H. Prescott Gatley,* and *Mr. Barry
Mohun* opposed.

Mr. Chief Justice SHEPARD delivered the opinion of the
Court:

Appellant, Harriet E. Noble, moves to vacate the order hereto-
fore entered dismissing the appeal, for want of sufficient assign-
ment of errors, and to reinstate the cause.

A demurrer to the appellant's bill of review was sustained in
the court below, and declining to amend, the bill was dismissed.
Her appeal having been perfected, the error assigned is: "The
court erred in sustaining the demurrer and dismissing the bill."

Upon appellees' motion to dismiss—no brief in opposition having been presented—the assignment was held insufficient, and the appeal dismissed. We were of the opinion that the assignment could have been made more specific by resort to the matters of law stated as intended to be argued upon the hearing of the demurrer. Upon reconsideration we are of the opinion that the assignment should be held to be sufficient. The bill presents but one issue, substantially, and the ground upon which the demurrer was sustained does not appear. Under these circumstances it would be difficult to assign specific error in the order, without expanding the assignment of errors into an argument. Under a rule substantially like that of this court relating to assignments of errors, a similar general assignment has been held to be sufficient. *Atchison, T. & S. F. R. Co.* v. *Meyers,* 22 C. C. A. 268, 46 U. S. App. 226, 76 Fed. 443, 444; *Leslie* v. *Standard Sewing Mach. Co.* 39 C. C. A. 314, 98 Fed. 827, 828. See also *Holst* v. *Burrus,* 79 Ga. 111–114, 4 S. E. 108; *Sneer* v. *Stutz,* 93 Iowa, 62–66, 61 N. W. 397; *Williams* v. *Williams,* 115 Iowa, 520–524, 88 N. W. 1057; *Emerson* v. *Eldorado Ditch Co.* 18 Mont. 247–257, 44 Pac. 969.

The order dismissing the appeal is vacated, and the motion to dismiss denied. The motion to affirm is postponed to the hearing.