# NICOLOPOLE *v.* LOVE (2).

APPEAL AND ERROR; ASSIGNMENTS OF ERROR; LANDLORD AND TENANT.

1. While the rule of this court requiring assignments of error to be separately and specifically stated is intended to require specific statement of each error of the court below relied upon for reversal, it is equally intended to operate in the interest of brevity and clearness, and not as an avenue for the insertion of either argument or redundant matter.

2. A rule requiring assignments of error to state the errors separately and specifically is sufficiently complied with by an assignment complaining, first, that the trial court held the plaintiff's affidavit sufficient and rendered judgment for him; and, second, that it held the affidavit of defense insufficient and denied defendant a jury trial.

:3. Where a contract will admit of two constructions, either of which is reasonable, the one most favorable to the grantee must be adopted, on the principle that a man's grant shall be construed more strongly against himself.

·4. A stipulation in a lease of floor space, providing that the lessor may terminate the lease upon notice if "he shall tear down to rebuild the building," does not apply where he leases the premises to a third person who is to rebuild.

.No. 2430.    Submitted November 5, 1912.    Decided December 2, 1912.

HEARING on appeal by the defendant from a judgment of the Supreme Court of the District of Columbia entered on motion by the plaintiff for want of sufficient affidavit of defense in an action to recover possession of certain premises.    *Reversed.*

The COURT in the opinion stated the facts as follows:

This is a landlord and tenant proceeding begun in the municipal court of the District of Columbia; where a judgment was entered in favor of appellee, Thomas B. Love, plaintiff below.    Appeal was taken by defendant Sylvanus A. Nicolopole, appellant here, to the supreme court of the District.    An affidavit of merit, as required by rule 19 of the court, was filed by plaintiff, to which defendant replied by an affidavit of defense.    On motion of plaintiff, judgment was entered for plaintiff upon the insufficiency of defendant's affidavit of defense.    From the judgment, appeal was taken to this court.

It appears that on October 1, 1910, plaintiff leased to defendant premises known as "the first-floor store" at 1427 Pennsylvania avenue, Northwest, in this city, for the term of three years.    The lease contained the following provision:    "The parties hereto expressly agree that in the event the party of the first part shall sell or convey the property hereby leased to a grantee who shall not be willing to allow the said party of the second part to retain the premises hereby demised to the full end of the term hereby created, or shall tear down to rebuild the building in which the said premises hereby leased are, during the term of this lease, that he, the said party of the first part, shall give the party of the second part sixty days' written notice to vacate, which notice shall be served by leaving a copy of the same upon the said demised premises, and at the expiration of the said sixty days this lease shall be at an end as fully as if made in express terms to expire at that time; and the said party of the first part, his heirs, and assigns shall be entitled to the possession of said demised premises without any other or further demand or notice; and the party of the second part will promptly vacate and surrender the same; and the party of the

second part shall pay the rent proportioned to the time of such surrender of the said premises."

More than a year after the execution of the lease, plaintiff leased the premises in question, lot number 5, in square number 225, in the city of Washington, improved by buildings numbered 1423, 1425, and 1427 Pennsylvania avenue, Northwest, to Childs Company, a corporation of the State of New York. This agreement contained the following provision: "That upon the commencement of the aforesaid term, the party of the second part will tear down the building upon the said premises, and rebuild the same by erecting a building of one or more stories at a cost of not less than twenty-five thousand dollars ($25,000); to be constructed and to look equally as well as the building at No. 36 West Thirty-fourth street, in the city of New York, without necessarily resembling the said building, in general detail; and the said party of the second part will protect, save harmless, and keep indemnified, any and all loss, cost, damage, and expense, mechanics' liens, claims of materialmen, laborers, contractors, subcontractors, and any and all other claimants, including counsel fees, in any manner connected with, concerned in, or growing out of, the erection or construction of the building so to be erected as aforesaid, or the rebuilding thereof as hereinafter provided."

Plaintiff's affidavit, after setting forth the foregoing contracts, recites the giving of due notice to quit in accordance with the terms of the lease, and alleges that defendant's tenancy and estate in the demised premises have been determined and have expired, and plaintiff is therefore entitled to judgment for possession. Defendant in his affidavit admits the execution of the leases, but denies the right of plaintiff to possession, and sets up a conversation between himself and plaintiff at the time of its execution, as to the meaning of the clause in their lease under which it is sought to evict him, alleging "that there were only two conditions upon which he could be required thereunder to vacate said premises, which were in case there was a change of title to some other owner who should be unwilling for him to remain on the premises, or in case the plaintiff himself should

.tear down to rebuild said building;" but that plaintiff assured .him "that he had no idea of tearing down the building to re- .build within the said three years, and that in case he should .tear down to rebuild, upon the completion of the building on the premises, he would let defendant occupy such part thereof as might be required for his business for the remainder of the full .term. * * * Defendant says that he was led to believe, .and now believes, from the said statements made by plaintiff ·concerning the provisions contained in said lease, that they re- .late solely and entirely to the owner of the premises, and do not relate to, and were not intended to be for, the advantage of .any subsequent tenant or tenants of the owner."

*Mr. C. C. Calhoun* and *Mr. J. Barrett Carter* for the appel- lant.

*Mr. J. J. Darlington* and *Mr. W. C. Sullivan* for the ap- pellee.

Mr. Justice VAN ORSDEL delivered the opinion of the court:

The assignments of error are as follows: "(1) In holding the :affidavit of plaintiff, filed on March 14, 1912, sufficient under rule 19 of the supreme court of the District of Columbia to en- title plaintiff to judgment for possession, and in rendering judg- ment for plaintiff for possession; (2) in holding the affidavit of ·defendant filed on March 25, 1912, an insufficient defense to plaintiff's affidavit under rule 19 of the supreme court of the District of Columbia, and denying defendant's right to trial by jury; (3) in granting plaintiff's motion for judgment, filed April 4, 1912; (4) in not overruling plaintiff's motion for judgment, filed April 4, 1912, and in not entering judgment for the defendant."

Counsel for plaintiff filed a motion to dismiss the appeal on .the ground that there is no specific assignment of any error re- lied upon, and that errors are not assigned according to the rules of this court. The rule referred to provides: "There shall

be filed in the court below, and the same shall be included in the transcript of record, an assignment of errors relied upon by appellant, separately and specifically stated." Rule 5, sec. 8.

This rule is in effect the same as rule 11 of the United States circuit courts of appeal. In a number of cases the sufficiency of similar assignments have been upheld. *Atchison, T. & S. F. R. Co.* v. *Meyers,* 22 C. C. A. 268, 46 U. S. App. 226, 76 Fed. 443; *Leslie* v. *Standard Sewing-Mach. Co.* 39 C. C. A. 314, 98 Fed. 827. The only question here presented is the action of the court in rendering judgment upon the affidavits of plaintiff and defendant, whereby defendant was deprived of a trial by jury. These questions are fully preserved for review by the first and second assignments of error, the third and fourth assignments of error being mere surplusage, and, as such, to be disregarded. While the rule is intended to require the specific statement of each error of the court below relied upon for reversal, it is equally intended to operate in the interest of brevity and clearness, and not as an avenue for the insertion of either argument or redundant matter. For these reasons the motion to dismiss is denied.

Coming to the case on its merits, we do not regard the lease difficult of interpretation. Two rights were reserved to the plaintiff, under either of which he could terminate the lease, first, in case he should sell or convey the property to another who should elect not to continue the tenancy of defendant; and, second, in case he should tear down to rebuild the building occupied by defendant, in which event he should give defendant sixty days' notice. Plaintiff relies solely upon his right to terminate the lease on the second condition. Hence we are relieved from the task of determining the effect of the first condition. The contract was personal between plaintiff and defendant, and must be construed to operate as such so long as the title to the property remained in the plaintiff. The language used in the contract is somewhat ambiguous. It will be noted that plaintiff cannot give the notice to oust defendant upon a mere desire to tear down to rebuild, but he can only recover possession for the purpose of tearing down to rebuild. Much

space has been covered in the briefs of counsel on this distinction, but we are disposed to take the commonsense view of what the parties intended by the provision. It clearly means when plaintiff in good faith desired to tear down to rebuild the premises he could get possession in the manner provided in the contract. The difficulty, however, is that it is not plaintiff who proposes to tear down to rebuild. It is a new tenant, with whom defendant has no privity, and who was not within the contemplation of the parties when the contract was made. Change of ownership was contemplated and provided for, but the rebuilding by any person other than plaintiff was not contemplated or within the knowledge of defendant. The most that can be accorded the language of the contract is a possible desire on the part of plaintiff to regain possession for the purpose of rebuilding. That, however, is not what he proposes to do. He has leased the property to Childs Company for twenty-five years, not in its reconstructed condition, but in its present condition, as it is now occupied by defendant. Childs Company agrees to put in a new building on the premises, not as the agent of plaintiff, but as his tenant, and in part payment of the rental therefor. Plaintiff is not desiring possession to enable him to rebuild, but to enable him to put into effect his lease with Childs Company, in order that it may rebuild for its own use. The possession here sought by plaintiff is not for himself, but for Childs Company.

Closely analogous to the present case is *Broadway & 7th Ave. R. Co.* v. *Metzger,* 27 Abb. N. C. 160, 15 N. Y. Supp. 662, where the court, considering a similar situation, said: "The lease, dated November 4, 1889, was made by McCreery, as lessor, and respondents, as lessees, and demised the premises for one year, from February 1, 1890, to February 1, 1891, and contained the following provision: 'And the said tenants have the privilege of remaining for one year more, *viz.,* from February 1, 1891, to February 1, 1892, provided the owner does not desire possession of the premises for building purposes.' When the lease was entered into, Mr. McCreery was the owner of the premises therein described, and it does not appear that at that

time the lessees were aware of any contemplated change of ownership, or of any project of building upon the premises by persons other than the owner. The only reasonable interpretation, therefore, which could be given the language quoted, is that it comprehended a possible desire on the part of McCreery to resume possession for the purpose of erecting buildings, then remotely contemplated by him. This is its plain and obvious import, the sense in which it is most favorable to the lessees, and therefore the sense which must be held to control. *Lowber* v. *Le Roy*, 2 Sandf. 202; *Dwight* v. *Germania L. Ins. Co.* 103 N. Y. 341, 57 Am. Rep. 729, 8 N. E. 654; *Hoffman* v. *Ætna F. Ins. Co.* 32 N. Y. 405, 88 Am. Dec. 337; *White* v. *Hoyt*, 73 N. Y. 505; *Johnson* v. *Hathorn*, 2 Abb. App. Dec. 469. McCreery's desire to gain possession, not for himself, but for a third person, as his subsequent lessee, who has covenanted to erect buildings which, upon the expiration of his lease, are to revert to the lessor, cannot be regarded as having been in the contemplation of the parties at the time when the lease between McCreery and the respondents was entered into, except upon a distorted process of reasoning, and is not within the operation of the clause above mentioned. That McCreery did not desire possession for himself to enable him to carry out his own building projects was made conclusively apparent upon the trial from the lease introduced in evidence, by which he granted a leasehold estate therein to the appellant for the term of forty-two years, commencing immediately upon the expiration of the term originally demised to the respondents, thus depriving himself of the right to claim possession; and from the further fact that the negotiations for that lease commenced in September, 1890, by which is manifested an absence of desire to resume possession."

In the case at bar plaintiff prepared the lease, and, though the language used in reserving to him the right to terminate the lease for the purpose of rebuilding is somewhat ambiguous, it will most reasonably admit of the interpretation we have given it, especially in the light of the rule that where a contract will admit of two constructions, either of which is reasonable,

the one most favorable to the grantee must be adopted, on the principle that a man's grant shall be construed most strongly against himself. *Com. ex rel. McNeile* v. *Philadelphia County,.* 3 Brewst. (Pa.) 537; *Schmohl* v. *Fiddick,* 34 Ill. App. 190;. *Hilsendegen* v. *Hartz Clothing Co.* 165 Mich. 255, 130 N. W. 646.

The judgment is reversed, with costs, and the cause remanded with directions to enter judgment for defendant.

*Reversed.*