NOWICKI v. KOPELCZAK.

1. SPECIFIC PERFORMANCE—LANDLORD AND TENANT—LEASE—COM-PETENCY—CONTRACTS.

In a suit for specific performance of a lease of part of cer-tain premises with a right to purchase the premises at a certain price within the term, evidence *held* sufficient to show that defendant was not intoxicated at the time of execution of the lease.

2. TENDER—SUFFICIENCY—OPTION.

Where a lessee had the right to purchase the leased prem-ises within the term at a certain price, which was ten-dered to the defendant, after notice, by a check which de-fendant's attorney suggested was not certified, and the cash was thereafter tendered before suit, and was brought into court, and refusal of defendant to deed the premises was based upon other grounds than noncertification of the check, *held*, that the tender was good.[1]

3. LANDLORD AND TENANT—DESCRIPTION OF PREMISES—SUFFICI-ENCY.

Where a lease described the leased premises as a certain part of certain premises, situated at a certain street num-ber and the corner of a certain other street, and con-tained a right of purchase of "said premises," *held*, that the premises at such number and corner to which the right of purchase related were sufficiently described.

4. SPECIFIC PERFORMANCE—DISCRETION OF COURT—ADEQUATE REM-EDY AT LAW.

Relief by decree of specific performance is not a remedy of right, but rests in a sound judicial discretion, and should only be allowed when the remedy at law is inadequate and the plaintiff has clearly established his right to such relief.

5. SAME—LANDLORD AND TENANT—OPTION TO PURCHASE—PERMA-NENT IMPROVEMENTS.

In a suit for specific performance of a provision in a lease

[1] On tender or payment of consideration as a condition prece-dent to a suit for the specific performance of a contract to con-vey realty consummated by the vendee's exercise of an option, see note in 24 L. R. A. (N. S.) 91.

giving the lessee the right to purchase the premises described in the lease within the leased term at a certain price, where the lessee expended large sums of money in making permanent improvements with the knowledge of the lessor, and such as could be removed would be practically valueless in other quarters, and had built up a prosperous business on the premises, and it would be hard for him to purchase other premises near by, and it would be difficult, if not impossible, to compensate him in dollars and cents, specific performance was decreed, although the value of the premises had increased since the execution of the lease.

6. SAME—CONTRACTS—ENFORCEMENT.

Where decree was entered in a suit for specific performance of a contract granting specific performance upon conditions not contained in the contract, it was *held*, that parties make and are bound by their contracts, and courts cannot make, but can only enforce, them.

7. SAME—ACCOUNTING—LANDLORD AND TENANT—OPTION TO PURCHASE.

In a suit for specific performance of a provision in a lease giving the lessee a right to purchase the premises, a part of which was occupied by the lessor, *held*, in decreeing specific performance, that the lessor should account for such use and occupation from the time of filing of the bill.

8. SAME—CONTRACTS—TAXES.

In a suit for specific performance of a provision in a lease giving the lessee a right of purchase of the leased premises, it was *held*, that the lessee was liable for and should pay all taxes and special assessments becoming due since the filing of the bill.

Appeal from Wayne; Tucker, J., presiding. Submitted January 23, 1917. (Docket No. 146.) Decided April 9, 1917. Bill by Max B. Nowicki against Charles Kopelczak and another for specific performance. From the decree rendered, both parties appeal. Reversed.

*Benjamin S. Pagel,* for plaintiff.

*Edward H. Kennedy,* for defendants.

FELLOWS, J. The plaintiff files this bill for the specific performance of a written contract entered into November 18, 1912, by which plaintiff leased the first floor of store and living rooms and the middle part of the barn of the premises situated at No. 1086 Chene street, corner of Frederick, in the city of Detroit, for a term of three years, with the privilege of buying said premises within the term at the sum of $7,000. At this time the store was vacant, and the two tenants preceding plaintiff had failed in business. At the time of the negotiations the defendants offered to sell the premises at the sum of $6,500, with a payment of $150 down, but plaintiff was unable financially to assume the obligation, and as a result of the negotiations the purchase price was fixed at $7,000, provided plaintiff might have the option to purchase at that figure during the term. The defendants occupied the flat over the store from that time, at least until the hearing. After plaintiff took possession he put on permanent improvements to the amount of $2,500 to $3,000, and built up a prosperous trade.

Prior to the expiration of the term he notified defendants that he should exercise his option to purchase the premises, tendered first a check, and afterwards the cash, and, upon refusal to deed, filed this bill and tendered the money into court. The defendants, by their answers and proofs, claim that at the time of the execution of the contract the defendant Charles was so intoxicated, through being plied with liquor by plaintiff, that he was incapacitated to transact business, and that he had no knowledge of the clause giving the privilege to buy being inserted in the contract. The trial court found that the claim that defendant Charles was intoxicated was without foundation, but entered a decree giving defendants the option to pay plaintiff $2,000, or tender a lease for seven years at a monthly rental of $35; otherwise specific performance

was decreed. It is stated in one of the briefs that the lease was tendered and refused. Both parties appeal.

We agree with the trial court that the testimony does not support the claim of intoxication of defendant Charles. The testimony of Mr. Kowalski, the scrivener, a Polish attorney, who was acquainted with the parties, spoke their language, was entirely disinterested, that of several other witnesses present at the making of the papers, defendants' intimate knowledge of the contents of the contract afterwards, the fact that just prior to this transaction he had tried to sell the premises and failed, the extensive permanent improvements defendants saw plaintiff putting on the premises without inquiry, all satisfy us that the claim of defendants that prior to and at the time of making of the contract defendant was plied with liquor by plaintiff is untrue, and that plaintiff's version of the affair that the only drink served was a half dozen pints of beer, and this after the contract was signed and the transaction completed, is true.

The tender was good. The testimony satisfies us that plaintiff notified defendants that he intended to exercise the option to purchase, and fixed a day when he would be ready to pay the money; that at the time fixed he tendered a check, which was refused, and he was referred to defendants' attorney; that the check was tendered to the attorney, who suggested that it was not certified, but did not base his refusal on that ground; that later and before the filing of this bill $7,000 in cash was tendered and refused. The contract between the parties contained the following language:

"The said parties of the first part, in consideration of the rents and covenants herein specified, do hereby let and lease to said party of the second part the following described premises, situated and being in the city of Detroit, county of Wayne, and State of Michigan, to wit, the entire first floor of store and living

rooms and middle part of barn of the premises situated at No. 1086 Chene street, corner of Frederick, for the term of three years from and after the 1st day of December, 1912."

The clause giving the plaintiff the right to purchase is as follows:

"Party of the second part has the privilege of buying said premises within the said three years for the sum of $7,000."

While the plaintiff only leased a part of the premises, his option to purchase covered the "said premises" —the premises theretofore described. The description of the premises was sufficient. *Goodenow v. Curtis,* 18 Mich. 298; *Slater* v. *Breese,* 36 Mich. 77. The premises were described in the abstract offered in evidence as lot 8, Charles Chene's subdivision of outlot 19, subdivision of Chene farm. These were the premises owned by the defendants at the corner of Chene and Frederick streets, and known as No. 1086 Chene street, and were the only premises there owned by them. It was not necessary to describe them by the lot number on the plat; a description by street number is sufficient to identify them. This seems to be the view entertained by defendants' counsel in the court below; in answer to the question by the court, "Is there any dispute about the lot?" he replied, "I don't think there is any dispute but what these are the premises described in the abstract."

The granting relief by decreeing specific performance of a contract is not a remedy of right, but rests, and should rest, in sound judicial discretion. It should be refused where the party has a complete remedy at law, but where the remedy at law is inadequate, and the plaintiff has clearly established his right to such relief, so that the judicial discretion is moved, courts should not withhold or hesitate in granting the only relief adequate in the case. In the

instant case the plaintiff has expended large sums of money in making permanent improvements on the store, with the knowledge of the defendants, and such as he could remove would be practically valueless in other quarters; he has built up a prosperous business at this location, and the record discloses that it would be hard for him to purchase another building near there. The case is one where it would be difficult, if not impossible, to compensate him in dollars and cents. As against these equities of plaintiff it is urged that the increase in the value of these premises, since the execution of the contract, should weigh and overbalance. But increase in the value of the premises alone cannot defeat a suit to enforce the specific performance of a land contract. *Cotharin* v. *Knoch,* 99 Mich. 322 (58 N. W. 360).

We have examined all the objections urged by the learned counsel for defendants against granting the prayer of the bill, and are constrained to overrule them.

Neither party attempts to sustain the decree as entered in the court below. Parties make and are bound by their contracts; courts cannot make and can only enforce them.

It follows that the decree of the court below must be reversed and one here entered in conformity with the prayer of the bill. The mortgage held by the Detroit Savings Bank on the premises will be first paid from the fund in the hands of the court. At the time of the hearing in the court below defendants were occupying the second story of the building; they should account for such use and occupation from the filing of this bill. We are not advised whether they are now so occupying the same or not, nor are we advised which of the parties, if either, has paid taxes or special assessments, if any. Plaintiff is liable for and should pay all taxes and special assessments that have be-

come due since the filing of the bill. The case will therefore be remanded for this accounting, unless the parties are able to agree. The plaintiff will recover costs of both courts, to be deducted from the money tendered into court.

KUHN, C. J., and STONE, OSTRANDER, BIRD, MOORE, STEERE, and BROOKE, JJ., concurred.