McDONALD *v.* ANDREWS.

1. LANDLORD AND TENANT—LEASES—BREACH OF COVENANT—FORFEITURE.

A forfeiture of a lease is not worked where it contains a covenant against assignment without the written consent of the lessor and is assigned without his consent by the lessee to another, recorded, and then a quitclaim deed given back without any change in possession, and for the sole purpose of making record title of the lessee's rights, the lease not having been. executed with the proper formalities to permit its recording.[1]

2. EQUITY—CONTRACTS—FORFEITURES.

In equity interpretations of contracts which work a forfeiture are not favored.

Appeal from Wayne; Sullivan, J., presiding. Submitted October 24, 1917. (Docket No. 127.) Decided December 27, 1917.

Bill by Ray H. McDonald against Charles B. Andrews and another for the specific performance of a land contract. From a decree for plaintiff, defendants appeal. Affirmed.

*C. K. Latham* and *Max Hulett* (*Harrison Geer,* of counsel), for plaintiff.

*John D. Harger,* for defendants.

FELLOWS, J. Plaintiff leased of defendants for five years, with an option to purchase, 20 acres of land located near Detroit. He was a truck gardener, owned lands adjoining, and leased the premises for the purposes of his business. The rent was $150 per year. He paid $50 of the first year's rent down, and the

---

[1]As to what amounts to a violation of a covenant in lease against assignment or sale, see note in 14 L. R. A. (N. S.) 1200.

balance by check before it was due. Nearly two weeks before the second year's rent was due he mailed defendants his check for it. This check was retained by the defendants until after the tender hereinafter referred to, when it was returned, but not on the grounds that it was not certified, or not a proper tender or payment of the rent. The option to purchase is in the following language:

"Also the said parties of the first part give to the said party of the second part an option to buy the said lands at five hundred ($500) dollars per acre, any time before November 1, 1917, provided all rentals have been duly paid."

On November 1, 1916, plaintiff tendered defendants $10,000 in cash, and requested conveyance of the premises, having theretofore informed them of his intention to exercise the option to purchase. Defendants refused the tender, and two days later this bill for specific performance was filed. On November 11th defendants by mail returned the check for the second year's rent.

The option to purchase and the circumstances of the tender in the instant case are not unlike those found in *Nowicki* v. *Kopelczak*, 195 Mich. 678 (162 N. W. 266). We there enforced the option and held the tender good. That case is controlling on these questions, and we pass to the consideration of the remaining question.

The lease contains the following clause:

"Said party of the second part further covenants that he will not assign nor transfer this lease or sublet said premises or any part thereof, without the written assent of said parties of the first part."

The lease had not been recorded, and was not executed with such formalities as permitted it to be recorded. Desiring to have some record of the instru-

ment to protect his rights, plaintiff, under the advice of counsel, executed and acknowledged an assignment of the lease and option to his sister, Theo McDonald, and recorded the same. The assignment was not delivered to Miss McDonald, and she knew nothing of it until she was later requested by plaintiff to execute a quitclaim deed to him, which she did. There was no change of possession of the premises, and the two papers were executed for the sole purpose of making record evidence of plaintiff's rights. Defendants insist that this transaction worked a forfeiture of the lease and option, and upon this ground they refused to execute the deed, and for this reason they returned the check.

The clause here quoted is not an uncommon one, and undoubtedly appears in the printed part of the lease. Its purpose is obvious. The landlord desires to select his own tenant; he desires to determine for himself who shall occupy his premises; having selected such tenant, he reserves to himself to determine who shall be substituted. This purpose, this object, was in no way frustrated by the transaction here involved, which had for its sole object, its sole purpose, the making of record evidence of plaintiff's rights. The assignment and deed must be construed together. They were both for a nominal consideration, and served the only purpose desired. They had no other object, and, the assignment never having been delivered to Miss McDonald, she never had even constructive possession of the premises. There is no claim that she ever had actual possession. Having in mind the purpose of this and similar clauses in leases, it is clear that the clause in question did not contemplate a forfeiture of this lease for a transaction which on paper, and on paper alone, temporarily assigned, and then reassigned, the tenant's interest without any change of possession. In *Grovenburgh* v. *McKeough,* 117 Mich.

555 (76 N. W. 77), the tenant in possession had by contract sublet a portion of the premises, but the sublessee had not been put in possession. It was held not to work a forfeiture of the lease. In *Crouse* v. *Michell*, 130 Mich. 347 (90 N. W. 32, 97 Am. St. Rep. 479), an assignment of a lease as security for a *bona fide* indebtedness was held not to work a forfeiture under a clause similar to the one here involved.

This is a proceeding in a court of equity where interpretations which work a forfeiture are not favored. *Hilsendegen* v. *Hartz Clothing Co.*, 165 Mich. 255 (130 N. W. 646). The clause in question serves a useful purpose in dealings between landlord and tenant. That purpose we have stated. We should not in a court of equity, under the circumstances of this case, extend it beyond that purpose to work a forfeiture of a contract fairly entered into by parties under no disability.

The trial court entered a decree for specific performance. We find no occasion to disturb it. It is affirmed, with costs to plaintiff.

KUHN, C. J., and STONE, OSTRANDER, BIRD, MOORE, STEERE, and BROOKE, JJ., concurred.