## GIACOMO LOMBARDI *v.* ANDREA LAUDATI.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued June 16th—decided July 15th, 1938.

*Francis McDonald,* with whom was *Pasquale De Cicco,* for the defendant.

*Michael V. Blansfield,* with whom was *Harry M. Albert,* for the plaintiff.

JENNINGS, J.   This case was claimed for the jury by the defendant.   On motion of the plaintiff, legal issues were framed and were tried to the jury on interrogatories, all other issues being tried to the court. No objection to the form of the interrogatories was raised at any time. Verdict and judgment followed for the plaintiff.   Two findings were made, one in the jury and one in the court case.   An examination of the files discloses that the finding upon the defendant's

appeal was not a finding of facts which the trial court found proven upon the trial of the issues it heard without a jury but of the facts the respective parties claimed to have proved; it was adapted to raise only questions having to do with the trial to the jury. The other finding was upon the plaintiff's appeal and was concerned solely with a claim he made to recover damages for the use of the property from the time the defendant refused to perform. The defendant cannot raise any of his claims of error with reference to the trial of the issues by the court without a jury, because their presentation would require a finding of facts which the court found proven at the trial and the finding of facts upon the plaintiff's appeal was not prepared to present, and does not properly present, such claims. Consideration of the defendant's appeal is necessarily confined to errors he claims to have been committed upon the trial to the jury.

The court has discretion to submit legal issues in an equitable action to a jury. General Statutes, § 5625; *Bisnovich* v. *British America Assurance Co.*, 100 Conn. 240, 248, 123 Atl. 339. Our experience with records on appeal in cases where these issues have been separately tried indicates that this discretion should be sparingly exercised. The difficulty of differentiating between the two cases and of providing adequate treatment for each in the record presents serious practical difficulties. The case now being considered is an admirable illustration of the confusion that results. Although the trial judge did everything possible to keep the record straight, the actual status of the appeals can only be determined by the most meticulous analysis of the original file.

The complaint sought specific performance of the following written agreement:

"Feb. 5, 1937
Waterbury, Conn.

I Andrea Laudate agree to sell to Giacomo Lombardi the premises located at 59 Congress Av. Waterbury, Conn. This includes the bakery shop and all its equipment, garages located in the rear of the bakery shop and the land which is also in rear of bakery shop. I agree to sell all that is mentioned above for the total sum of $3,100 three thousand one hundred dollars with a deposit of $200.00 two hundred dollars.

Signed Andrea Laudate X (his mark)
Witness Peter R. Augelli
Witness Filiberto Capozzi"

The following statement is confined to those issues framed by the interrogatories. The plaintiff offered evidence and claimed to have proved the following facts: On February 5th, 1937, the defendant was the owner of the property described in the memorandum and was using it as a bakery and for living quarters. The defendant signed the agreement and thereafter delivered to the plaintiff maps and deeds from which a title search could be made and a deed drawn. One week later he refused to carry out the agreement and has continued to occupy the premises ever since. The plaintiff has been ready, willing and able to perform at all times.

The defendant offered evidence and claimed to have proved the following facts: The defendant is of Italian birth, sixty-seven years of age and illiterate. He speaks broken English and lives alone in the rear of the bakery. The plaintiff is related to the Capozzis, who operate a cleaning establishment on property adjoining that of the defendant. The relations between the defendant and the plaintiff were not pleasant. The Capozzis needed the defendant's property for

expansion. The defendant was alone when the plaintiff and his friends came to see him on the morning in question. They gave him whisky and wine which caused him to become drowsy and unable to think clearly.

The interrogatories and the answers of the jury were as follows: 1. Was the document, plaintiff's Exhibit A, read to the defendant in language he could understand? Answer. Yes. 2. Did the defendant affix his mark to the document, plaintiff's Exhibit A? Answer. Yes. 3. Did the plaintiff pay the defendant $200? Answer. Yes. 4. Was the plaintiff ready, willing and able to pay the defendant $2900 in addition to the $200? Answer. Yes. 5. Was he prevented from so doing by the refusal of the defendant to proceed with the alleged contract? Answer. Yes. 6. If you find the defendant affixed his mark to the writing, plaintiff's Exhibit A, was he under the influence of intoxicating liquor to the extent that he was deprived of his reason and understanding? Answer. No.

It is very apparent from the record that the principal issue tried was that covered by the last interrogatory, to wit, whether the defendant was under the influence of intoxicating liquor to the extent that he was deprived of his reason and understanding. By answering this question in the negative, the jury found this principal issue for the plaintiff. Bearing this in mind, particularly the form of the interrogatory and the fact that no objection was made thereto, we come now to a consideration of the assignments of error in the jury case.

The instructions to the jury complained of adequately covered such questions as were within the issues under consideration. The assignments directed to failure to charge relate to matters outside of those issues, such as equitable issues being tried by the court

and questions not covered by the interrogatories in the form in which they were submitted. The chief complaint of the defendant is directed to the charge with reference to intoxication already referred to. The question asked was whether or not the defendant was under the influence of intoxicating liquor to the extent that he was deprived of his reason and understanding. In requesting a charge that if the plaintiff conspired to partially deprive the defendant of the use of his senses by plying him with liquor, the signature was illegally obtained, the defendant went outside of the question submitted to the jury. The instruction given was sufficient to enable the jury to answer the question put.

Error is also assigned because the court failed to charge that to prove himself ready, willing and able to perform, the plaintiff must satisfy the jury that he had $2900 in cash. That is not our rule. The defendant denied signing the agreement and by special defense alleged that if he did sign it, his signature was procured by fraud. He also claimed judgment that the writing be declared void. This attitude on the part of the defendant relieved the plaintiff from the obligation to make full preparation for performance. It was enough if, as alleged in his complaint, he was "ready, willing and able." *Smith* v. *Lewis*, 24 Conn. 624, 636; *Phillips* v. *Sturm*, 91 Conn. 331, 335, 99 Atl. 689; *Romanoff* v. *De Santo*, 101 Conn. 504, 511, 126 Atl. 694. The charge of the court held the plaintiff to the required standard. No good purpose would be served by an analysis of the other assignments of error under this head. The field of inquiry of the jury was very limited and properly so. If the defendant felt that the interrogatories were not broad enough to cover all of the issues being tried to the jury, he should have placed his objection and the reasons therefor on

record at the time when they were submitted. *McNally* v. *Weld*, 30 Minn. 209, 214. The charge was clear, concise and ample for the guidance of the jury in its limited field.

The denial of a motion for a directed verdict is never a ground of error. *Lines Co.* v. *Hartford City Gas Light Co.*, 89 Conn. 117, 126, 93 Atl. 129. The appeal from the denial of the motion to set aside the verdict was not pursued. There remains only one ruling to be considered on the defendant's appeal.

An assessor appeared as a witness for the plaintiff and produced three assessment lists signed by the defendant with a mark. These were introduced by the plaintiff to substantiate his claim that the defendant also signed the agreement to sell with the same mark. These lists were original records from the office of the assessors and were inadvertently not included with the other exhibits sent to the jury room; they were offered by the plaintiff and he, rather than the defendant, was more likely to suffer from the omission; the record indicates that the jury examined the marks when the exhibits were admitted. While these exhibits should have been submitted with the others, the failure to do so does not appear, under the circumstances, to have been harmful to the defendant.

As stated, we do not, except under exceptional circumstances, consider claims which do not appear upon the record to have been made in the trial court. Here the trial court has paid its respects to the defendant in the following language: "The defendant on the stand appeared to have but slight regard for truth and the sanctity of the oath and his testimony indicated that he had made his contract, later changed his mind, and attempted to lie out of it." There is no reason why we should and every reason why we should not

make an exception and consider the defendant's claims of law in the case tried to the court.

The sole question on the plaintiff's appeal is whether or not the court erred in refusing to allow him damages in addition to the decree of specific performance of the contract. In an action at law to recover damages where, by reason of a breach of contract, a plaintiff is wrongfully deprived of the use of real property, rental value is often allowed, for it is considered to be a "fair average measure of compensation" for failure to perform the contract. *Mazzotta* v. *Bornstein,* 104 Conn. 430, 443, 133 Atl. 677. As an incident to a decree of specific performance the court may award a plaintiff purchaser damages for the wrongful withholding of the property from him, but where it does so its aim is to "place the parties in the same situation as they would have been if the contract had been performed according to its terms," and the rule of damages at law does not apply. *Worrall* v. *Munn,* 38 N. Y. 137, 142, 143. The rule for assessment of damages is not fixed but is determined by the application of broad equitable principles. 2 Sutherland, Damages (4th Ed.) § 588. It is not necessary in this case to consider what circumstances would have determined the extent to which the plaintiff might have been entitled to relief by way of damages. The trial court has found, presumably including all facts proven before it, merely the reasonable rental value of the premises, which we must assume to be the gross rental, and the amount of the yearly taxes, without finding whether or not they had been paid by the defendant. These facts alone were an insufficient basis to enable it to determine the amount of damages to which the plaintiff would be equitably entitled. See *Worrall* v. *Munn,* supra, S. C., 53 N. Y. 185, 188; *Bostwick* v. *Beach,* 103 N. Y. 414, 423; *Lynch* v. *Wright,* 94 Fed. 703, 705;

*Abrahamson* v. *Lamberson,* 79 Minn. 135, 139, 81 N. W. 768; *Heinlen* v. *Martin,* 53 Cal. 321, 341; *Nowicki* v. *Kopelczak,* 195 Mich. 678, 683, 162 N. W. 266. The plaintiff had the burden of proof upon this issue and we cannot say on this record that the trial court's conclusion that he had not sustained that burden was erroneous.

There is no error in either appeal.

In this opinion the other judges concurred.