## McDEVITT v. WAPLE & JAMES, Inc.

### No. 124.

Municipal Court of Appeals for the District of Columbia.

Oct. 1, 1943.

Rehearing Denied Oct. 27, 1943.

A. W. McDevitt, pro se.

H. Max Ammerman, of Washington, D. C. (Louis Ottenberg, of Washington, D. C., on the brief), for appellee.

Before RICHARDSON, Chief Justice, and CAYTON and HOOD, Associate Judges.

CAYTON, Associate Judge.

For convenience the parties will be designated as in the trial court.

Plaintiff negotiated, in cooperation with defendant, a sale of certain real estate for which defendant had an exclusive agency. The contract of sale was drawn by defendant on its printed form, and contained this clause: "Amos W. McDevitt of Service Realty Company to receive one-half of commission." The total commission was $465. Instead of paying plaintiff one-half of that amount, defendant first deducted a listing commission of $46.50, leaving a net of $418.50, of which $209.25 was paid the plaintiff. Plaintiff, claiming that the deduction had been improperly made, sued in the Small Claims Branch for the balance of $23.25. The trial judge ordered judgment for defendant. On plaintiff's application we granted an appeal.

The record does not indicate that the trial judge gave any reason for his decision but recites only a general finding and judgment for defendant. We hold the ruling was erroneous.

Defendant produced one witness and by him sought to prove (1) that plaintiff had

been informed in advance that the commission would be divided after deduction of the listing commission, and (2) that a custom existed in the District of Columbia that where two brokers participate in the division of a commission, and a listing commission is due a salesman (of one of the brokers) it is first deducted and the balance is divided between the brokers. We shall discuss these propositions separately.

1. If the trial judge predicated his decision on the testimony of defendant's witness that he had informed plaintiff that the listing commission would first be deducted and the division made from the balance, the finding was erroneous. It did not take into account the written contract drawn by defendant on its own form and which recited: "Amos W. McDevitt of Service Realty Company to receive one-half of commission".[1] If defendant had intended that plaintiff receive one-half of net commission (i.e. one-half of commission after deducting listing commission), the contract should have so recited. When the contract was drawn defendant presumably knew that a listing commission was involved. By failing to include a reference to it the contract was left in such form that the courts must construe it to favor plaintiff rather than defendant, who was the author of the words in question. Minton v. F. G. Smith Piano Co., 36 App.D.C. 137, 33 L.R.A.,N.S., 305; Nicolopole v. Love, 39 App.D.C. 343, 47 L.R.A.,N.S., 949. Viewed in that light it amounts to self-contradiction of the testimony of defendant's only witness. Adding to that the direct contradiction of the plaintiff and the complete absence of any corroboration, documentary or otherwise, the evidence required a ruling in plaintiff's favor.

2. If the trial judge based his ruling on the contention that it was the custom to deduct listing commissions before making a division between cooperating brokers, he was resting his decision on too slender a reed. Defendant's one witness testified that it was the custom to make such deductions. Plaintiff not only denied that such a custom existed, but named three or four brokerage firms which he said did not make such deductions. That being so, the proof left the custom highly uncertain and therefore no custom at all. United States Shipping Board, etc., v. Levensaler, 53 App. D.C. 322, 290 F. 297, 301. In the case just cited it was held that a custom "must be certainly shown to be the general usage of the trade. * * * It must be definite, uniform, and well known, and should be established by clear and satisfactory evidence". (Citing cases). The proof in this case met none of these tests.

The law on this point was summarized in an earlier Federal case,[2] as follows: "A custom has the force of law, and furnishes a standard for the measurement of many of the rights and acts of men. It must be certain or the measurements by this standard will be unequal and unjust. It must be uniform; for, if it vary, it furnishes no rule by which to mete. It must be known, or must be so uniform and notorious that no person of ordinary intelligence who has to do with the subject to which it relates and who exercises reasonable care would be ignorant of it; for no man may be justly condemned for the violation of a law or a custom which he neither knows nor ought to know. In short, a binding custom must be certain, definite, uniform, and known, or so notorious that it would have been known to any person of reasonable prudence who dealt with its subject with the exercise of ordinary care."

Defendant argues that plaintiff had no right to recover because he did not allege and prove as required by the Code, Section 45—1407, that he was a duly licensed real estate broker or salesman. This point was not raised in the trial court and is presented here for the first time. It therefore comes too late. Depina v. United States, U.S.App.D.C., 137 F.2d 673, decided June 4, 1943; Meyer v. Capital Transit Co., D.C.Mun.App., 32 A.2d 392; District Hauling & Construction Co. v. Argerakis, D.C.Mun.App., 34 A.2d ,31. Defendant insists that the point is "jurisdictional" because it relates to the plaintiff's want of capacity to sue. On the authority of Parker v. Motor Boat Sales, Inc., 314 U.S. 244, 62 S.Ct. 221, 86 L.Ed. 184, we hold that this objection avails defendant nothing, since it was not made in the trial court.

Reversed and remanded.

---

[1] It is true that the contract was not signed by plaintiff, but the obvious purpose of the clause was for his protection.

[2] Chicago, Milwaukee & St. P. R. Co. v. Lindeman, 8 Cir., 143 F. 946, 949.