[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE DEFENDANT'S MOTION TO STRIKE FROMTHE JURY LIST (No. 121)
The plaintiffs, Gary and Roger Straub, allege that their mother, Eleanor Killen, married Arthur Killen and that during the marriage both maintained individual assets as well as joint marital assets. They further allege that the Killens entered into an agreement whereby each party, by will, would leave their individual assets to the survivor with the understanding that upon the death of the survivor, the equivalent of those individual assets would be devised back to the predeceasing spouse's children.
The plaintiffs further allege that when Eleanor died, she devised her individual assets to Arthur in accordance with their agreement, but that upon Arthur's death, he failed to redevise the equivalent sum to them. They have therefore brought this action to declare the plaintiffs' rights in Arthur's estate and to order the defendant executor of Arthur's estate to hold the property in a constructive trust for the plaintiffs' benefit. CT Page 4010-SSS
The plaintiffs have claimed the matter to the jury trial list, but the defendant has filed a motion to strike the case from that list based on his contention that because the plaintiffs' Amended Complaint[1] seeks a declaratory judgment declaring the existence of a constructive trust and is therefore equitable in nature, they do not have the right to a jury trial.
The plaintiffs rely in part on their contention that a declaratory judgment action is remedial in nature and is to be liberally construed. Horton v. Meskill, 172 Conn. 615, 627,376 A.2d 359 (1977). They note that the defendant has filed a legal counterclaim which carries with it the right to a jury trial. They also claim their right to a jury under Practice Book §§ 307 and 391, and General Statutes § 52-218. Practice Book § 391 states in pertinent part:
 Procedure in actions seeking declaratory judgment . . . (d) Subject to the provisions of Sec. 132, causes of action for other relief may be joined in complaints seeking declaratory judgment. . . . (f) Issues of fact necessary to the determination of the cause may be submitted to the jury as in other actions.
General Statutes § 52-218 provides:
 Jury may try issues of fact in equitable action. Upon the application of either party, the court may order any issue or issues of fact in any action demanding equitable relief to be tried by a jury of six.
Practice Book § 307 tracks the language of this statute, and the plaintiffs have in fact filed a separate motion, dated April 4, 1996, citing both the statute and the Practice Book, requesting that the court thus exercise its discretion.
The plaintiffs further rely on Glens Falls Insurance Companyv. Somers, 146 Conn. 708, 713, 156 A.2d 146 (1959), which held, "a jury trial as to issues of fact may be obtained, if properly demanded, in a declaratory judgment proceeding. Practice Book § 278(f) [now § 391(f)]."
In Starzec v. Kida, 183 Conn. 41, 438 A.2d 1157 (1981), the court permitted the plaintiff to use a constructive trust to reconvey property unjustly taken by the defendant. The court CT Page 4010-TTT found the defendant was in a confidential position and abused this confidential position to unjustly enrich herself, thereby breaching oral promises to the plaintiffs and the plaintiffs' decedent. In the instant case, the plaintiffs allege that Eleanor and Arthur entered into an agreement whereby they would ensure that the equivalent value of assets that either took from the individual estate of the other would be distributed to the other's children upon their deaths. The plaintiffs allege that Eleanor relied on this agreement, that she had her will drafted leaving her individual assets to Arthur to the exclusion of her children, that Arthur's will did not make provisions to return the equivalent sums to the plaintiff decedent's children, and that as a result, the defendants have been unjustly enriched.
The general rule, as stated in Ford v. Blue Cross BlueShield of Connecticut, Inc., 216 Conn. 40, 50, 578 A.2d 1054
(1990), is that equitable actions are not within the constitutional guarantee of trial by jury, and actions in constructive trust are equitable in nature. The defendant urges this court to follow that rule, and although he recognizes that the court has the discretion to submit legal issues in an equitable action to the jury, he points out that in Lombardi v. Laudati, 124 Conn. 569, 571, 200 A. 1019
(1938), our Supreme Court urged caution:
 Our experience with records on appeal in cases where these issues have been separately tried indicates that this discretion should be sparingly exercised. (Internal citations omitted.)
For reasons different from those of the plaintiffs, the defendant also relies on the language of Practice Book § 391 (f): "Issues of fact necessary to the determination of the [declaratory judgment action] may be submitted to the jury as inother actions." (Emphasis added.). Interpreting the words "as in other actions" to mean actions in which the right to jury is permitted, he claims that because the remedy sought by the plaintiffs is strictly equitable in nature, the fact that it is brought in a declaratory judgment action does not provide the right to a jury.
The plaintiffs have made a persuasive argument in support of their contention that the factual issues underlying their equitable claims be tried to the jury. There are several disputed issues of fact involving the agreement and the assets to which the agreement pertained, and there is no reason to believe that a CT Page 4010-UUU jury would not be capable of resolving such issues. Further, permitting the jury to resolve factual issues relating to both the legal and the equitable claims will conserve judicial resources because essentially the same witnesses and testimony will be necessary for both the plaintiffs' equitable claim and the defendant's legal counterclaim. Although mindful of the fact that the Supreme Court has urged that the discretion to have such issues tried by a jury should be exercised sparingly, this court believes that this case nonetheless appears to be an appropriate situation in which to exercise it.
In light of the foregoing, the court will permit the factual issues underlying the plaintiffs' equitable claim to be tried before the jury. In reaching this conclusion, the court has also considered defendant's substantial delay in filing his objection to the plaintiffs' jury claim in this matter.[2] The defendant's motion to strike the plaintiffs' cause of action from the jury list is therefore denied.