MEREDITH *v.* McCORMICK.

1. LANDLORD AND TENANT—LEASE—DESCRIPTION OF PREMISES BY STREET NUMBER.

The lease of a house by street number included so much of the lot on which the building stood as was necessary to the complete enjoyment of the building for the purpose for which it was let, and nothing more.

2. EVIDENCE—PAROL EVIDENCE—VARYING TERMS OF WRITTEN LEASE.

The intent of the parties to a written lease is to be found by an examination of the lease, and parol evidence of the understanding of the parties is inadmissible to vary its terms.[1]

3. LANDLORD AND TENANT—USE OF BACK YARD.

The lessee of a building for a rooming house could lawfully use a portion of the back yard for the purpose of piling wood to be seasoned for use, this being necessary to the complete enjoyment of the building for the purpose for which it was let.

---

[1] On the general rule that parol evidence not admissible to vary, add to, or alter a written contract, see note in 17 L. R. A. 270.

4. SAME—RIGHT TO USE OF WALK TO REAR ALLEY.

The lessee was also entitled to the unobstructed use of a cement walk extending from the rear of the building to the alley for the purposes of ingress and egress, removal of garbage, and other like uses, and the building of a garage over the cement walk, thus interfering with access to the alley, would be an encroachment upon the lessee's rights.

5. SAME—PEACEABLE POSSESSION—INJUNCTIVE RELIEF.

The lessee is entitled to an injunction restraining the lessor's successor from interfering with lessee's right to pile wood in the back yard, and from building a proposed garage obstructing the cement walk; the latter to be dissolved when a walk shall be built upon the south and west sides of the proposed garage.

Appeal from Wayne; Chester (Guy M.), J., presiding. Submitted October 9, 1919. (Docket No. 19.) Decided December 23, 1919.

Bill by Eph Meredith against William H. McCormick to enjoin the building of a garage. From a decree dismissing the bill, plaintiff appeals. Reversed, and decree entered.

*Benjamin & Betzoldt*, for plaintiff.

*Lodge & Brown*, for defendant.

STONE, J. The bill of complaint herein was filed to obtain an injunction restraining the defendant from building a garage upon the rear of certain premises, alleged to be leased to the plaintiff; also to restrain defendant from interfering with, molesting or removing any wood or other materials that plaintiff might put on the premises involved, for his own personal use, that would not interfere with the use of said premises by other tenants. The plaintiff is the tenant and occupant of the house and premises known as 145 Harper avenue, Detroit, under and by virtue of a written lease for five years from the first day of April,

1916, wherein Walter W. Smith was the lessor and the plaintiff was lessee. The defendant has succeeded to the rights of Smith in the premises. The written lease contains the following by way of description of the premises:

"The following described premises situated and being in the city of Detroit, county of Wayne, and State of Michigan, to wit: House No. 145 Harper avenue * * * for the term of five years from and after the first day of April, 1916, on the terms and conditions hereinafter mentioned, to be occupied for a rooming house."

The 8th and 9th paragraphs of the bill of complaint are as follows:

"8. Your petitioner further shows that for the purpose of his home and in order to supply fuel for next winter, he has caused certain green wood to be piled up temporarily, to dry, along the easterly line of said premises, and east of the cement walk which your petitioner has, to go to and from said alley, and that said William H. McCormick, the present owner, defendant herein, now claims that your petitioner has no right to leave said wood there, or to use the back yard of said premises, and has removed some of the wood of your petitioner from off the rear end of said lot, or court.

"9. Your petitioner further shows that the said William H. McCormick, in derogation of your petitioner's rights as a tenant, has torn down the easterly and rear fence, has cut down certain shade trees, and against the express objection and protests of your petitioner, is proceeding to build a large garage on the rear of said lot, which will occupy more than four hundred (400) square feet, and will thereby deprive your petitioner of the use of four hundred (400) square feet of said small back yard or court, which now exists, and that if the said William H. McCormick is permitted to build said garage, it will interfere with the quiet and peaceful possession of your petitioner, and will cut off the enjoyment of a large portion of the present back yard, to which he is lawfully entitled, which loss cannot be fully compensated in damages, and which would be irreparable."

The defendant, by his answer, virtually admits the acts above charged, but claims that the same were not in derogation of any of plaintiff's rights, and denies that plaintiff has acquired any rights by reason of said acts.

The testimony was taken in open court and the bill of complaint was dismissed, the decree stating that the defendant have power and authority to proceed with the erection of the structure in said bill of complaint mentioned, allowing plaintiff access to the alley in the rear of said premises by the four-foot way mentioned in said proofs.

A diagram of the premises, known as Exhibit 2,

EXHIBIT 2.

hereto appended, will aid in an understanding of the situation.

The house leased and occupied by plaintiff is on the easterly end of a terrace of houses situated on the corner of Brush street and Harper avenue, and there are three separate and distinct houses of the terrace facing on Harper avenue and one facing on Brush street. The width of the house, No. 145, is 30 feet. The other three houses in the terrace are occupied by the defendant for rooming house purposes, and in the rear of No. 145 there is a cement walk that goes direct from the kitchen door to the alley on the north. This sidewalk is used exclusively by the plaintiff and the occupants of his house. There is another cement walk on Brush street that comes around the rear for the accommodation of the other three houses, including the one on Brush street. The other tenants in the terrace do not use any portion of the lot in the rear of the terrace east of the line, if it were extended 24 feet from the east line of the lot. Plaintiff has used exclusively the entire east 24 feet of the lot in the rear of No. 145 Harper avenue. He does not use the other portion of this lot west of the 24-foot line. Plaintiff's business is that of a cement paving contractor, and he had been in the habit of storing, for a short time, wheelbarrows, etc., on the rear of the lot, in what he claimed was his portion thereof. He also piled green wood on the rear end of the lot between the sidewalk and fence on the east line, and would leave it there until it got dry, and then would put it in the basement of No. 145. Referring to the wood, plaintiff testified as follows:

"This spring I had some wood piled on the rear end of this lot, between the sidewalk and the fence, a space of about four feet east of the sidewalk. It was green wood sawed in two-foot lengths for the grate. I put it there until it got dry, and then I put it in the basement. While that wood was there Dr. McCormick

asked me to remove it. I did not remove it and the doctor started some proceedings in the circuit court commissioner's court, and from that court it has been appealed to the circuit court."

He further testified that the defendant interfered with, and removed some of the wood which the plaintiff had piled there. The full width of the rear end of the lot on the alley on the north is 24 feet. The defendant tore down the fence upon the alley and upon the east side near the northeast corner of the premises, and had brought material and had taken steps to erect a garage 20x20, intending to set it back some 8 or 10 feet from the alley line, and directly over the cement walk used by the plaintiff in carrying garbage to his garbage can, which was kept in the alley in the rear of the premises. As soon as the plaintiff found that the defendant had torn down the fence and put some building material upon the premises, preparatory to building the garage, this bill was filed and a temporary injunction was obtained.

The defendant testified as follows:

"My plans contemplate a garage 20x20 in the northeast corner of the lot. That will leave four feet up to my line on the west side of the garage. It is vacant beyond that to the side for 35 feet. Then I will have to set in a little from the alley because it is a narrow alley. I plan to deflect this cement walk where it comes to the garage, and build it around the front of the garage, and then at the side, so that the tenant in 145 will have access to the alley the same as before. The distance from the front of the garage to the back end of the house is 42 feet; that would leave the plaintiff still 42 feet of back yard for clothes lines."

He estimated that setting the garage back 8 feet from the alley would make the space occupied 28x20, or 560 square feet. The defendant testified that that would leave ample room between the garage and the back end of No. 145.

The plaintiff has appealed, and it is claimed that, both as to the interference with the wood which he had piled east of the cement walk; and with reference to the garage proposed to be built over the walk, he is entitled to injunctive relief, and that the court erred in dismissing the bill of complaint. Counsel upon both sides of the case have cited numerous authorities from other jurisdictions. We are of the opinion that the law of the case is substantially settled by the recent case of *Kuschinsky* v. *Flanigan,* 170 Mich. 245 (41 L. R. A. [N. S.] 430, Ann. Cas. 1914A, 1228). That was a case of leasing by the street number, and it was held that it included so much of the lot upon which the building was situate as was necessary to the complete enjoyment of the building for the purpose for which it was let, and nothing more. Citing 24 Cyc. p. 1044. Upon the subject of description of premises, see, also, *Nowicki* v. *Kopelczak,* 195 Mich. 678.

It is the contention of the defendant that the plaintiff, having leased 145 Harper avenue, he did not lease the building and its appurtenances, but only the house. He contends:

"He therefore had no right to anything but the house, and he has not been denied any right in the occupancy of the house."

We think this is too narrow a view of the matter. There was testimony offered and received tending to show the understanding of the parties independent of the written lease. We think evidence could not be introduced to vary the terms of the lease. The intent of the parties is to be found by an examination of the lease. There ought not to be much question about the law that should govern this case, for defendant's counsel say:

"We accept counsel's statement of the law applicable to this case. 'The general rule is that a description of premises in a lease of the building by the street

number, includes so much of the lot upon which the building is situated, as is necessary to the complete enjoyment of the building for the purpose for which it was let, and nothing more.' "

Defendant's counsel contend, however, that a different rule should be applied to a rooming house from that of a dwelling house. It is very apparent that a rooming house in Michigan climate must be heated, as well as a dwelling house. We think the use of the portion of the back yard between the cement walk and the east line of the premises might lawfully be used by the plaintiff for the purpose of piling wood to be seasoned for use. That was, in our opinion, necessary to the complete enjoyment of the building for the purpose for which it was let.

We think that plaintiff was also entitled to the unobstructed use of the cement walk extending from the rear of No. 145 to the alley, for the purposes of ingress and egress, and for the purpose of removing garbage, and other like uses; and when the defendant proposed to build a garage over the cement walk, thus interfering with access to the alley, he encroached upon the plaintiff's rights as a tenant.

It is true that the defendant testified that he planned to deflect this cement walk where it comes to the garage and build it around the front of the garage and then at the side, so that the tenant would have access to the alley the same as before. There is no claim by defendant that this has been done. We are of the opinion that the plaintiff will have no just cause to complain of the garage when such proposed cement walk is built around the south and west sides of the garage to the alley. Until that is done the plaintiff has a right to have the defendant restrained. We think the decree below should be reversed, and instead of dismissing the bill, we think the plaintiff is entitled to an injunction restraining the defendant

from interfering with, or molesting or moving any wood that the plaintiff may put on the east side of the cement walk for the purposes described; and that such piling does not in any manner interfere with the use of said back yard or court by the other tenants in the terrace.

We are also of the opinion that the plaintiff is entitled to an injunction restraining the defendant from erecting the garage at the place mentioned, until such time as he shall have built upon the south and west sides of the proposed garage a walk to the alley. When that is done so that the plaintiff has access to the alley over the cement walk, we think the injunction as to the garage should be dissolved, as the same would not materially interfere with the covenant for peaceable possession contained in the lease.

The decree below will be reversed and a decree prepared in accordance with this opinion, with costs of both courts to the plaintiff.

BIRD, C. J., and SHARPE, MOORE, STEERE, BROOKE, FELLOWS, and KUHN, JJ., concurred.