[Civ. No. 5742. First Appellate District, Division Two.—October 14, 1927.]

C. E. DeLONG et al., Appellants, v. BLACK'S PACKAGE COMPANY (a Corporation), Respondent.

Peckinpah & Carter for Appellants.

Frank Kauke for Respondent.

KOFORD, P. J.—This is an action of unlawful detainer based upon the defendant's alleged violation of a covenant in its lease. The lease provided that the lessee should have the right to use "said premises only for the purpose of carrying on a general mercantile business." Judgment was for the defendant. It was and is the contention of plaintiffs that this condition of the lease was violated by the defendant by maintaining in a portion of the basement of the said demised premises a place where meats, vegetables, jams, and salads were cooked and prepared to be sold in a delicatessen department or counter in the store in the demised premises, and to some extent sold in two other stores conducted by defendant in the city of Fresno.

The evidence given at the trial shows with considerable particularity the kinds, quantities and the manner in which the foods sold in the delicatessen department were prepared. The frontage of the whole store was approximately fifty. feet. The number of employees in the store varied from sixty to seventy-five and sometimes a greater number was employed on special occasions. The number employed in the basement in preparation of foods was about five to seven and they on occasion helped in the sale of goods in the store proper. It was a store for the sale of all kinds of foods which must mean substantially a grocery-store. Its general

nature, as it appeared to customers and others coming in and out, was clearly that of a general mercantile business. The landlords and their predecessors visited the store at different times and, although the delicatessen department was established as early as 1913 in a small way and thereafter steadily grew and expanded, it was not until 1925 that they discovered the operations in the basement upon which they predicate the claim that the lessee had violated the conditions of the lease. The record shows that only a portion of the basement was used for the preparation of foods, and that the balance of it was used for storage and cold storage.

Appellants readily admit that respondent is carrying on a general mercantile business, but assert that in addition to that it is operating a factory, be it large or small, in violation of the terms of the lease.

The complaint alleged that the defendant carried on a business other than a general mercantile business, to wit, a delicatessen kitchen, condiment, and jam factory. The court found this allegation to be untrue, but found that defendant had prepared various delicatessen products, condiments, and jams in the basement of said premises, using for that purpose, with the exception of certain meats, materials taken from the general stock in trade of the store. It found that this was done only in the course of the general mercantile business of purchasing and selling food products and that such business at all times was in the usual and customary manner of purchasing products at wholesale, and preparing and placing the same in an appropriate and convenient manner for sale at retail. It is the contention of appellants that this finding is unwarranted. They do not claim it is unwarranted by the evidence, but that it is unwarranted by law. They state that if this reasoning is followed out, it would mean that the tenant here could just as well convert the whole of the premises into a factory to produce or prepare food for other stores throughout the city. On the other hand, respondent claims that if this reasoning is not followed it would result that the grocery-man, who roasted and ground his own coffee for sale as a part of his grocery business, would thereby forfeit his leasehold if it was held for general mercantile business only. The determining question is not whether a particular isolated

part of the store taken by itself and enlarged so as to occupy the entire store to the exclusion of all other activities there would constitute a business other than a general mercantile business, but whether that store as it exists is or is not permitted under the clause of the lease given for general mercantile purposes only.

The finding that the tenant's activities in the basement were incidental to and a part of the general mercantile business was supported by the fact that its extent was small in comparison with the whole, by its nature, which was ancillary to the sale of foods, and by the frequent practice of selling delicatessen articles in grocery-stores. There must necessarily be certain activities conducted in the grocery business, such as delivery, bookkeeping, coffee grinding, and refrigeration, which are not strictly buying and selling, but which are necessary to carry on the buying and selling of merchandise. Incidental activities necessary for the complete enjoyment of the premises for the purpose for which they were leased are permitted. (*Meredith* v. *McCormick,* 208 Mich. 563 [3 A. L. R. 669, 175 N. W. 280].) Whether or not such activities in any given case have assumed too large and disproportionate relation to the object for which the premises were let must necessarily be a question of fact which may be decided differently under varying circumstances.

The clause "general mercantile business" is a liberal one. It embraces all commodities that are purchased and sold by merchants, wholesale or retail. We may mention that it includes fireworks and gunpowder inasmuch as appellants justify their complaint against the gas plates upon the ground that they increase the fire hazard.

A forfeiture is not favored. It is enforced only where there is such a breach shown as it was the clear and manifest intention of the parties to provide for. (*Randol* v. *Scott,* 110 Cal. 590 [42 Pac. 976], citing Taylor on Landlord and Tenant, 8th ed., sec. 590; Civ. Code, sec. 1442.)

We conclude that the court's finding of no breach is sustained by the evidence and the law. The judgment is affirmed.

Sturtevant, J., and Nourse, J., concurred.